## GUNNELLS vs. THE STATE BANK.

1. Where notice of a motion to set aside a judgment of non-suit is merely entered on the motion docket, but neither acted on, nor called to the attention of the court, a general order that "all causes, motions, or other proceedings, now pending and not otherwise disposed of, be continued," &c., cannot have the effect to continue the motion in court, and authorise the setting aside of the judgment at a subsequent term.

ERROR to the Circuit Court of Jefferson. Tried before the Hon. Geo. D. Shortridge.

THIS suit was commenced by attachment, sued out by the defendant against the plaintiff in error. The case will be understood from the opinion.

PECK, for the plaintiff in error.

J. L. MARTIN, for the defendant.

CHILTON, J.—The view we take of the main point in this case renders it unnecessary for us to examine the question, whether the court should have allowed the papers to be filed and the cause placed upon the docket, at a term of the court subsequent to that to which they were properly returnable.

It appears that at the Fall Term 1849, a final judgment of *non pros.* was entered, and at the same term, the plaintiff's counsel entered upon the motion docket the following entry :— " State Bank v. Benjamin Gunnells. In this case the court will be moved to set aside the non-suit taken in this case, (signed) W. J. Mudd, for motion. To E. W. Peck, Esq." At the same term, it appears that the following entry was made upon the minutes of the court : " Ordered that all causes, motions or other proceedings now pending, and not otherwise disposed of, be continued until the next term of the court." It further appeared that said motion was not considered or acted on, or called to the attention of the court, at the term at which it was made, but the court, at the next ensuing term, considered that the entry upon the motion docket had the effect of keeping the cause in court, and authorised the setting aside of the judgment rendered at the previous term, which was accordingly done. Thereupon the plaintiff's attorney filed an amended declaration, and the court entered judgment against the defendant by default, upon an inquiry as to the damages. Can this proceeding be sustained? It is supposed that the case of Walker v. Hale et al., 16 Ala. 26, is an authority in support of its regularity. In that case a motion was actually made before the presiding judge, and by him continued upon the record. The party making the motion, in the meantime, had taken a bill of exceptions and prosecuted a writ of error to this court, where the judgment of the primary court was affirmed. This court held that the granting of a new trial, under such circumstances, by the Orphans' Court, was erroneous.

In the case before us, nothing was done at the term when the final judgment of non-suit was rendered, but to enter upon the motion docket a notice that the court would be moved to set the non-suit aside. This motion was not brought to the attention of the court; was not acted upon in any way, and, in our opinion, did not have the effect of continuing the case in court. If the plaintiff had sued out another writ after taking the non-suit, and pending this state of the record, could the pendency of such action have been pleaded in abatement? We are clear that it could not. The order that all motions and proceedings undisposed of, &c., should be continued, does not, in our opinion, continue this case in court, but we think that any motion to set aside a final judgment, not specially called to the attention

of the court below and continued, must be regarded as abandoned. If such general order can have the effect to continue such motion, then a case may be continued from term to term, after the party may have been finally discharged; for the same general order, if it continue such motion from the first term, will have the same effect when made at the second term, and a party could not well ascertain when the cause was terminated. We are not at all disposed to encourage such practice, or to extend the decisions, which have been made upon this point, beyond what has been decided.

In our opinion, the judgment of non-suit was final. The court, at the subsequent term had no power to set it aside, by reason of the entry upon the motion docket, and the subsequent action of the court in rendering judgment against the defendant by default was irregular, and the judgment is consequently reversed.