## CAMBUSTON *v.* UNITED STATES.

The District Court, in the exercise of its jurisdiction, under an act entitled "An Act to ascertain and settle the private land claims in the State of California," approved March 3, 1857 (9 Stat. 631), rendered a decree Nov. 12, 1859, rejecting the claim of A.  He died Jan. 22, 1869, and his executrix was, by an order of the court entered April 3, 1875, permitted to become the party claimant of the land.  She thereupon moved for a new trial and the reversal of the decree.  The motion was overruled; and, on the same day, an appeal was allowed her from the decree and from the order refusing a new trial. *Held,* 1. That the appeal from the decree was not taken in time.  2. That no appeal lies from the order refusing a new trial.

MOTION by the United States to dismiss an appeal from the District Court of the United States for the District of California.

The facts are stated in the opinion of the court.

The motion was submitted on printed arguments by the *Solicitor-General* for the United States, and by *Mr. Edmond L. Goold* for the appellant.

Mr. Chief Justice Waite delivered the opinion of the court.

This is an appeal from the District Court of the United States for the District of California, in a proceeding under the "Act to ascertain and settle the private land claims in the State of California," passed March 3, 1851. 9 Stat. 631. The case was here at the December Term, 1857, when a former decree of the District Court was reversed, and the cause sent back for further hearing. *United States* v. *Cambuston*, 20 How. 59. The mandate was filed in the court below, May 5, 1859, and the further hearing resulted in a decree, Nov. 12, 1859, rejecting the claim. The court adjourned for the term on the first Monday in December, 1859, previous to which time no motion for a new trial or petition for rehearing had been filed.

On the 24th of February, 1860, Lansing B. Mizner, as "a party in interest," filed with the clerk of the court a petition for rehearing. What his interest actually was nowhere appears in the record. A copy of this petition was served on the district attorney of the United States the same day the original was filed in the clerk's office; and, March 13, 1860, the district attorney and the attorney for the claimant entered into the following stipulation: —

"It is hereby stipulated that Tully R. Wise, acting United States district attorney, waived written notice to him of a motion to be made for a new trial during the term of the United States District Court, ending the first Monday in December last, and that he considered a verbal notice of intention to move as sufficient to him, and then given to him, the said Wise. It is further stipulated, that, if the said Henry Cambuston now has the right to have the said motion heard, it shall not be prejudiced by delay until the return of the Hon. Ogden Hoffman."

Nothing further was done until April 2, 1875, when the widow of Cambuston — he having died Jan. 22, 1869 — appeared in court and asked to "be permitted to become the party claimant of the land," as executrix of the will of her deceased husband, which had been admitted to probate May 3, 1869. An order to this effect was made April 3, 1875, and on the same day the claimant asked that a new trial be granted, and that the decree rejecting the claim might be reversed. The

parties thereupon appeared, and, after hearing, the court denied the motion. On the same day, April 3, 1875, this appeal was allowed, both from the final decree and the order refusing a new trial. The United States now move to dismiss the appeal, because taken too late.

The statute in force when the decree was rendered provided that writs of error and appeals should not be brought to this court except within five years after passing or rendering the decree or judgment complained of. 1 Stat. 85, sect. 22. As this decree was rendered Nov. 12, 1859, and the appeal not taken until April 3, 1875, it is clear that the motion to dismiss should be granted, unless the petition for rehearing or motion for a new trial suspended the operation of this statute.

In *Brockett* v. *Brockett*, 2 How. 238, it was held that a petition for rehearing filed during the term, and actually entertained by the court, suspended the operation of a decree in equity until the petition was disposed of. Neither the petition for a rehearing nor the motion for a new trial in this case was filed, or the attention of the court in any manner called to such a proceeding, during the term at which the decree was rendered. The proceeding before the District Court was statutory, and not at common law or in equity. It was, however, a suit, and must be governed by the rules of law applicable to that class of judicial proceedings. Consequently, when the term closed at which the decree was rendered, the parties were out of court, and the jurisdiction ended so far as that court was concerned, no steps having been taken to keep it alive. The decree was then in full force and operative for all purposes.

According to the practice in suits at common law and in equity, no step has since been taken which can have the effect of suspending the decree for the purpose of an appeal. By sect. 726 of the Revised Statutes, the courts of the United States are empowered to grant new trials in cases where there has been a trial by jury, for reasons for which new trials have usually been granted in the courts of law; and by sect. 987, when a Circuit Court enters judgment in a civil action, either upon a verdict, or on a finding of the court upon the facts, execution may, on motion of either party, at the discretion of

the court, and on such conditions for the security of the adverse party as it may judge proper, be stayed forty-two days from the time of entering judgment, to give time to file in the clerk's office of the court a petition for a new trial. If such petition is filed within such term of forty-two days, with a certificate thereon of any judge of the court that he allows it to be filed, execution shall, of course, be further stayed until the next session of the court. From this legislation it is apparent that it was not the policy of Congress to suspend the operation of a judgment so as to allow an application for a new trial in any case beyond a period of forty-two days from the time of its rendition. Here judgment was rendered Nov. 12, 1859, and the petition for rehearing was not filed until one hundred and twenty-five days thereafter. The stipulation between counsel, under date of March 13, 1860, was not that a motion for new trial had been filed; but that notice of an intention to make such a motion had been given; and that, if a hearing could then be had, it should not be prejudiced by further delay until the return of the district judge. This application seems never to have been brought to the attention of the court. It is unnecessary to decide whether such a motion can be filed after the term has closed, if no application is made during the term for stay of execution under the statute or for an extension of time to prepare the motion.

In suits in equity the practice is even more strict. Equity rule 88 provides that, in cases where an appeal lies to this court, no rehearing shall be granted after the term at which the final decree shall have been entered and recorded.

We are clearly of the opinion, therefore, that the appeal from the decree of Nov. 12, 1859, was not taken in time, and as no appeal lies from the order refusing the new trial, — *Warner* v. *Norton et al.*, 20 How. 448, — it follows that the motion to dismiss must be granted; and it is                *So ordered.*