### GRAHAM et al. v. SWAYNE.

(Circuit Court of Appeals, Fifth Circuit. May 31, 1901.)

No. 981.

EQUITY—REHEARING—POWER TO GRANT AFTER TERM.

    A motion for a rehearing, or for the opening of a decree, must not only be filed during the term at which the decree was entered, but also called to the attention of the court, or in some manner entertained by it, as shown by its record, so as to prevent the decree from passing beyond its control on the close of the term; otherwise, it has no power to grant the motion at a subsequent term.

### Petition for Mandamus.

The return on the alternative writ is substantially as follows: "In answer to the alternative writ, comes Charles Swayne, the respondent in the above-styled cause, and says that he is, and was on the 3d day of May, 1899, judge of the United States circuit court for the Northern district of Florida, and that on that date he entered a final decree as such judge in the case of Herbert L. Anderson against the petitioners, Henry H. Graham, Mabel Graham, Thomas A. Banning, Charles C. Linthicum, and Florida Land Rock Phosphate Company; that the term of court at which that decree was entered terminated on the 20th day of January, 1900, and that during the term of court at which the decree was entered the parties filed a motion with the clerk of the court to open the decree, but that the motion was never presented to the respondent as judge, nor was it entertained in any way by the court during the term in which the decree was entered, which term expired, as

above recited, on the 26th day of January, 1900; that at a subsequent term of the court the motion was presented, and was denied on the ground that the respondent, as judge of the court, had no jurisdiction to entertain the motion, no proceedings having been taken at the term of court at which the same was filed to continue it to the term of court in which it was presented; that subsequently, on June 11, 1900, the relators applied to the court by petition for the grant of an appeal from the decree entered on the 3d of May, 1899, but the appeal was not granted because more than six months had elapsed since the entry of the decree." The motion referred to in the return of the respondent and in the petition of the relators is alleged in the petition to have been filed on September 4, 1899. Its language is that it "moves the court to open the final decree entered in this cause on May 3, A. D. 1899, and the decree pro confesso entered the same day, upon which said final decree was based, and to set aside and vacate the order herein striking the answer to said bill, and for leave to execute said answer, and refile same upon the following grounds, to wit [stating the grounds]." Attached to the motion, and apparently as a part thereof, this appears:

"To H. L. Anderson, Esq., Defendant, etc.: Take notice that the foregoing motion will be presented to said court on its reassembling at Pensacola, Fla., of which time you will be notified, giving at least ten days' notice.

"Respectfully,          John G. Reardon, Solicitor for Defendants."

On which motion and notice there was indorsed before filing the following:

"I accept service of foregoing notice, but require the defendants to give at least ten days' notice of the time of hearing of the motion.

"H. L. Anderson, in Person."

W. A. Hamilton and John G. Reardon, for petitioners.
O. V. Greene, for respondent.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Rule 88 provides: "No rehearing shall be granted after the term at which the final decree of court shall have been entered and recorded, if an appeal lies to the supreme court." If a petition or motion for rehearing or for opening the decree is filed in season, and entertained by the court, then the decree, although entered in form, does not discharge the parties from their attendance in the cause. They are bound to follow the petition thus pending to the next term. Smelting Co. v. Billings, 150 U. S. 31, 14 Sup. Ct. 4, 37 L. Ed. 986; Goddard v. Ordway, 101 U. S. 745, 25 L. Ed. 1040. To be filed in season, it must be filed during the term at which the decree sought to be opened is rendered; and, besides this, the record must show in some way that it was brought to the attention of the court. The prescription of rule 88 must be construed to mean that a rehearing cannot be granted after the lapse of the term, unless application is made therefor during the term; and, being entertained, the decree is thereby prevented from passing beyond the control of the court. Smelting Co. v. Billings, supra. The fact of the application or motion to reopen the decree and grant a new hearing may be made to appear by an entry on the minutes of the court of the doings of the court for the term. "A paper may be filed in the proper office, and yet not be brought to the attention of the court while sitting in judgment; but, when what it calls for appears on the minutes of actual proceedings, it must be presumed

that the court, in some form, gave it judicial attention, and that it was presented in some regular way." Goddard v. Ordway, supra. In this case the return of the respondent shows that the motion filed on September 4, 1899, "was never presented to the respondent as judge, nor was the said motion entertained in any way by the said court, during the term in which the said decree was entered, which expired on the 26th day of January, 1900." In reference to judgments pro confesso, the equity rules provide that "such decree rendered shall be deemed absolute, unless the court shall at the same term set aside the same, or enlarge the time for filing the answer, upon cause shown upon motion and affidavit of the defendant." The rule provides further that this may not be done by the court unless upon terms which are specified. Rule 19. We think it is manifest from the record as shown in this application, independent of the statement made by the respondent in his return to the alternative writ, that at the decree term nothing was done with reference to the motion to open the decree further than the acceptance of service, as above recited, and the filing of the motion notice, and acceptance with the clerk of the court. This was done more than five months before the expiration of the term. It is insisted that the court entertained the motion because at the subsequent term counsel presented it and argued it, and the judge then showed him the courtesy to examine it, after which examination by the judge the court not only did not entertain it, but refused to entertain it, on the ground that he had no authority to entertain it at the subsequent term, as no action had been had thereon at the decree term by the court, and nothing appeared in the minutes of the proceedings of that term to show that it had in any manner been brought to the attention of the court, or entertained by the court, unless the filing with the clerk and notice to the adverse party can be taken to have brought it to the attention of the court, and to have constituted the entertaining thereof by the court, within the terms of the decisions construing rules 19 and 88, above referred to. In the absence of controlling authority to that effect, we are unwilling to so hold, and we therefore adjudge that the petition for mandamus should be, and it is hereby, denied.