<hr/>

### DEXTER v. KELLAS.

(Circuit Court of Appeals, Second Circuit. January 14, 1902.)

#### No. 40.

1. WRIT OF ERROR—REVIEW—DISCRETION.

The refusal to postpone a trial is within the discretion of the court, and will not be reviewed on error unless the discretion has been abused.

2. SAME.

A refusal to reinstate a cause after dismissal is in the discretion of the court, and not reviewable on writ of error.

In Error to the Circuit Court of the United States for the Northern District of New York.

William A. Sutherland, for plaintiff in error.

Charles W. Mathewson, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. This is a writ of error by the plaintiff in the court below to review a judgment for the defendant taken by default because of the failure of the plaintiff to appear at the time the cause was moved for trial. The assignments of error challenge the action of the court below in refusing the application of the plaintiff to postpone the cause, and denying a motion made by him subsequently to the dismissal of the complaint to open his default.

A writ of error will not reach rulings involving an exercise of discretion unless the discretion has been abused. The refusal to postpone a trial is within the rule. Means v. Bank, 146 U. S. 620, 13 Sup. Ct. 186, 36 L. Ed. 1107; Isaacs v. U. S., 159 U. S. 487, 16 Sup. Ct. 51, 40 L. Ed. 229; Goldsby v. U. S., 160 U. S. 70, 16 Sup. Ct. 216, 40 L. Ed. 343. So, also, is the refusal to reinstate a cause. Welch v. Mandeville, 7 Cranch, 152, 3 L. Ed. 299. Upon the facts in the record, so far from there having been an abuse of sound discretion by the court below, its rulings were amply justified.

The judgment is affirmed, with costs.