## WILLIS et al. v. DAVIS.

(Circuit Court of Appeals, Sixth Circuit. February 7, 1911.)

No. 2,072.

1. APPEAL AND ERROR (§ 113*)—APPEALABLE ORDERS—ORDER DENYING MOTION TO VACATE DISMISSAL.

An appeal does not lie from an order denying a motion to set aside a prior order of dismissal as to certain defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 777; Dec. Dig. § 113.*]

2. APPEAL AND ERROR (§ 257*)—EXCEPTIONS—NECESSITY OF EXCEPTIONS TO ORDER IN EQUITY.

No exception is necessary to give a right of appeal from an order of dismissal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 257.*]

Appeal from the Circuit Court of the United States for the Eastern District of Kentucky.

Suit in equity by Charles Henry Davis, trustee of Naomi Lawton Davis, against Elizabeth Willis and others. Defendants Frederick A. Hull, Mary A. Hull, W. L. Millar, and Edward Willis appeal from an order denying a motion to vacate an order of dismissal as to them. On motion to dismiss appeal. Motion granted.

Mordecai & Gadsden, Rutledge & Hagood, and Brown & Nuckols, for appellants.

Frank Chinn, for appellee.

Before KNAPPEN, Circuit Judge, and SATER and HOLLISTER, District Judges.

PER CURIAM. On September 27, 1909, an order was made upon the ex parte application of the complainant, dismissing the cause without prejudice as to the defendants Frederick A. Hull, Mary A. Hull, W. L. Millar, and Edward Willis. On October 6th following the defendants named moved the court to set aside the last-named order of dismissal on the grounds that they had no notice of the order and that they had asked for affirmative relief in their answer. On March 12, 1910, a motion to set aside the order of dismissal was denied. No appeal was taken from the order of dismissal. The appeal before us is from the order denying the motion to set aside the order of dismissal. When this appeal was taken the time for appealing from the original order had not expired. Complainant moves to dismiss this appeal on the ground that the order in question is not appealable.

The motion to dismiss must be granted. An appeal will not lie from a refusal to open a prior decree and grant a rehearing. Brockett v. Brockett, 2 How. 238, 11 L. Ed. 251; Wylie v. Coxe, 14 How. 1, 14 L. Ed. 301; McMicken v. Perin, 18 How. 507, 15 L. Ed. 504; Roemer v. Bernheim, 132 U. S. 103, 106, 10 Sup. Ct. 12, 33 L. Ed. 277. Nor from a refusal to open a judgment. Connor v. Peugh, 18 How. 394, 15 L. Ed. 432; Cambuston v. United States, 95 U. S. 285, 24 L. Ed. 448. Nor from a refusal to reinstate a case after nonsuit. United States v. Evans, 5 Cranch, 280, 3 L. Ed. 101; Dexter v. Kellas (2d Circuit) 113 Fed. 48, 51 C. C. A. 35. There is nothing in the record to sustain the contention that the court reopened the case and reheard the motion to dismiss, and that the order appealed from was accordingly an order of dismissal. The language both of the opinion and of the order thereon is distinctly to the contrary of this contention. Nor is there anything in the fact that the original order of dismissal was made without notice to the appellants, and thus without opportunity to be heard thereon or to reserve exception thereto, which precluded remedy by appeal from the original order, and so made it necessary

(as contended) to have a motion to set aside acted upon before there was anything to appeal from. No exception was necessary to give the right of appeal from the original order.