UNITED STATES et al. v. TROGLER et al.

(Circuit Court of Appeals, Eighth Circuit. October 20, 1916.)

No. 4684.

1. JUDGMENT ⊜⟶297—ENTRY—MODIFICATION—JURY.

The government brought an action in the District Court to set aside certain patents for coal lands, pending which a defendant trust company brought suit in the same court to foreclose a trust deed on the lands, which passed to a decree establishing the validity of the trust deed, its lien upon the land, with a direction for a sale, and the land was sold, and before the entry of a decree in the present suit the period of redemption expired,

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and parties defendant who were purchasers at the foreclosure sale became entitled to a deed, and after decree in the present suit that the patents were fraudulently obtained, and that the government was entitled to their cancellation, except as against good-faith purchasers, and adjudging the trust deed, covering the land in suit, and other land to be a valid charge upon the property, the government and the purchasers, the only parties interested, stipulated that, in consideration of the purchaser's transfer of an adjoining tract to the government, the government would relinquish its claim to the land in suit, and apply to the court for a modification of the decree according to the stipulation. *Held*, that the trial court retained control of the decree, and, without process, had jurisdiction to enter the formal modification of the decree.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 581, 584–586; Dec. Dig. ☞297.]

2. **APPEAL AND ERROR** ☞82(2)—**ORDERS APPEALABLE**—**REFUSAL TO MODIFY DECREE.**

Such order declining to modify the decree was appealable, as it was a final determination of a new matter properly submitted to the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 518, 519, 521; Dec. Dig. ☞82(2).]

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by the United States against William A. Trogler, F. W. Keitel, E. M. Dorsey, H. S. Dorsey, the Commonwealth Trust Company, and others. Decree for the United States, with order of sale, and from the action of the District Court in declining to enter a modified decree, asked for in a stipulation presented by the United States and the Dorseys, the United States and the Dorseys appeal. Reversed, with directions to the trial court to enter a decree granting the relief asked for in the stipulation.

Archibald A. Lee and Eugene B. Lacy, Asst. U. S. Atty., both of Denver, Colo. (Harry B. Tedrow, U. S. Atty., of Denver, Colo., on the brief), for appellants.

Edwin H. Park, of Denver, Colo., for appellees.

Before SMITH and CARLAND, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. The United States brought an action in the federal court for the district of Colorado to set aside certain patents for coal lands. Among the parties to that litigation were the original patentees and Keitel, who had secured the patents through dummy entrymen, and also many subsequent claimants of interests in the property. Among the latter were the appellees here, William A. Trogler and F. W. Keitel. The Commonwealth Trust Company, which held a trust deed to secure a loan of $25,000 upon the property, was also a party to that suit, as were the Dorseys, who were the beneficiaries of the trust deed. This suit was filed in March, 1910. Thereafter a suit was brought in the same federal court by the trust company to foreclose the trust deed. Everybody having any interest in the property, including the appellees here, were parties defendant to that bill. While the government suit to cancel the patent was still pending, the

suit to foreclose the trust deed passed to the usual decree establishing the validity of the trust deed, the fact that it was a lien upon the land, and directing a sale of the property to pay the amount due, $37,200.56. The government, of course, was not a party to the foreclosure suit, because it could not legally be made a party. The land was sold pursuant to the decree in that suit, and, before the entry of a decree in the suit by the government to cancel the patent, the period of redemption expired, and the Dorseys, who were purchasers at the foreclosure sale, became entitled to a deed. After the title of the Dorseys thus became complete, the suit by the government passed to judgment. The decree found that the patents were obtained fraudulently, and that the government was entitled to their cancellation, except as against good-faith purchasers and incumbrancers of the property. It likewise found that the trust deed was taken without any notice of the fraud, and for value, and adjudged it to be a valid charge upon the property. The deed of trust covered a large number of tracts of land, among these the northeast quarter of section 26, township 8 north, of range 87, which is the property primarily involved here. As to that quarter section there were no good-faith purchasers except the holders of the trust deed. As to the other tracts covered by the trust deed there were other parties having valid rights. At this point it is important to call attention to the fact that the government was not bound by the proceedings that had taken place in the suit to foreclose the trust deed. In the hope that the government might save the northeast quarter of section 26, the decree in the government suit ordered that all the tracts covered by the trust deed be again sold, directing that the tracts, exclusive of the northeast quarter, be first sold, and if sufficient should be realized from their sale to satisfy the trust deed, then the government was to take the northeast quarter free and clear of all claims, and if it should be necessary to sell the northeast quarter, the decree provided that, if sold for more than enough to satisfy the balance of the trust deed, then that the money be paid into court, and the government receive the surplus.

In order to understand this litigation it is important to keep in mind that the trust deed was held to be valid, not only in the suit for its foreclosure, but in the suit by the government. It is also important to keep in mind that Trogler and Keitel, the appellees here, were defendants in the suit to foreclose the trust deed, and that by the decree in that case, and the sale, and the deed, and the confirmation of the whole proceedings by the court, all their right, title, and interest in the property was foreclosed and passed to the purchasers, the Dorseys. So, before the decree was entered in the government suit, the appellees here had ceased to have any right or interest in the property.

After the entry of the decree in the government's case, and before any sale had been made under that decree, negotiations were had between the representatives of the government and the Dorseys. The Dorseys held title to a valuable 80 acres of coal land in another section. While there is no evidence on the subject, it is a reasonable inference that the Dorseys were anxious to get the northeast quarter of 26, because of its connection with the other properties to which they

obtained title under the foreclosure sale. To effect this object the government and the Dorseys entered into a written stipulation whereby the Dorseys conveyed all their right, title, and interest to the 80-acre tract to the government, and in consideration of that conveyance, the government stipulated to relinquish all its claim to the northeast quarter of 26, and further stipulated that it would apply to the court for a modification of the decree in the government case so that it would confirm the title of the Dorseys in the northeast quarter of 26. Upon the signing of this stipulation by counsel representing the Dorseys, and by counsel representing the government, they being the only parties who had any interest in the property covered by the government suit, the stipulation was presented to the trial court for the entrance of a supplemental decree in conformity with the stipulation. Thereupon appellees, Trogler and Keitel, appeared and objected to the modification of the decree. The parties to the stipulation resisted their being heard on the subject, because they had ceased to have any interest in the property; but the trial court, acting upon the belief that inasmuch as the term had gone down at which the decree in the government suit was entered, it had lost all control of that decree, declined to enter the decree asked for by the government and the Dorseys. The present appeal is brought to review that action of the trial court.

[1] Two questions are raised: First, was the judgment of the trial court appealable? and, second, if it was appealable, should the decree be reversed or affirmed?

We think the trial court was wrong. It was not asked to modify the former decree upon a re-examination of the issues that were involved in the suit in which the decree was entered. Its action was invoked to give effect to an agreement made between the parties to the decree subsequent to its entry. Clearly parties are at liberty to enter into agreements in respect to their rights under judgments of courts, the same as in regard to any other property right. And if the aid of the court is necessary in order to carry out their agreement, we see no reason why a court should not give them such relief. The real objection goes to a matter of practice. It is elementary that after a final decree is entered in a cause, and the term has adjourned, the parties are dismissed from the court. The defendant is not called upon to pay any further heed to the litigation. The court has no jurisdiction over him to modify its decree. That arises out of the fact that its process has ceased to be effective. The defendants are out of court, and the court cannot act in their absence upon the rights established by the decree. That formal objection, however, may be wholly obviated by parties to the suit returning to the court and asking for further action at its hands, which in no way involves a re-examination of the matters embraced in the decree. Upon such a reappearance there is no need of process. The court's jurisdiction over the persons is complete, and there can be nothing but a formal objection to the court's granting the relief asked.

It is plain what the difficulty was in the present case. If the original decree was executed, and the government obtained title to the northeast quarter of section 26, it would pass beyond the control of coun-

sel to deal with the subject. The rights of the government then could only be disposed of by a special act of Congress, or in the manner provided for the disposition of public lands. The stipulation was entered into to avoid that difficulty.

[2] We also think the order was appealable. It was a final determination of a new matter which was properly submitted to the court.

The decree is reversed, with directions to the trial court to enter a decree granting the relief asked for in the stipulation.