PAINTER v. UNION TRUST CO. et al.

(Circuit Court of Appeals, Sixth Circuit. December 4, 1917.)

No. 3019.

1. APPEAL AND ERROR ⬤➝113(1)—APPEALABLE ORDERS—ORDER DENYING APPLICATION SET ASIDE—DECREE OF SALE.

An appeal from an order overruling an application to set aside a former decree of sale on foreclosure, and an order confirming the same, which was not an appeal in any sense taken, either from the decree of sale, or from the order confirming the sale, must be dismissed.

2. APPEAL AND ERROR ⬤➝113(2)—APPEALABLE ORDERS.

On bill to foreclose a mortgage on the property of a railroad company, decree of sale was entered on June 28th, and the property sold by the master August 5th. The report of sale was confirmed August 8th, without an order nisi, and on August 15th a creditor, bondholder, and stockholder of the railroad company filed an application to set aside the sale and the order confirming the same, which application on September 16th was disallowed. The petition for appeal was filed and the appeal allowed · on October 10th, the petition reciting that the creditor considering himself aggrieved by the order, judgment, and decree made and entered on September 16th did appeal from such order, judgment, and decree, confirming the sale at special master's sale held on August 5th, and the order, judgment, and decree overruling his application to set aside and revoke the order confirming the sale entered on August 8th. Held, that the appeal must be considered taken, not only from the order overruling the application to set aside, but from the decree confirming the report of sale, and hence in view of the citation, which cited appellant to appear and show cause why the judgment and decree, confirming the decree, should not be corrected, the appeal cannot be dismissed, as being solely from the order overruling the application to set aside the decree of the sale, and the order confirming the same, but that portion relating to the overruling of the application should be considered as surplusage.

3. APPEAL AND ERROR ⬤➝339(1)—TIME FOR APPEAL—STATUTE.

In such case, as the appeal was taken from the decree, confirming the sale within six months after its entry, it was within the time prescribed by 26 Stat. 829, § 11.

4. RAILROADS ⬤➝192—FORECLOSURE SALE—CONFIRMATION—ORDER NISI.

The confirmation of a sale of railroad property made on foreclosure of a mortgage, without an order nisi, is irregular.

5. RAILROADS ⬤➝192—FORECLOSURE SALE—CONFIRMATION—IRREGULARITIES—PREJUDICE.

In a suit to foreclose a mortgage on railroad property, the court having decreed a sale confirmed the report of sale, without an order nisi. On application by a creditor, bondholder, and stockholder of the company to

⬤➝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

set aside the sale and the order confirming the same, it appeared that the applicant admitted inability to inform the court of any person or corporation which in his judgment could reasonably be expected to become bidders for the property, should the sale be set aside, and it did not appear that better terms could reasonably be expected in case of resale. *Held* that, though the sale was confirmed without an order nisi, the irregularity did not prejudice applicant, and was no ground for setting aside the order confirming the sale, for applicant had the opportunity and did in fact present his objections to the confirmation, and it did not appear that a resale would be advantageous.

6. APPEAL AND ERROR ☞719(1)—ASSIGNMENT OF ERROR.

An error not assigned on appeal from an order confirming a sale on mortgage foreclosure cannot be considered, where the error, if any, did not appear on the record so plainly as to warrant consideration under Rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii).

Appeal from the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Bill by the Union Trust Company and another against Clyde R. Painter, creditor, bondholder, and stockholder of the Lake Erie, Bowling Green & Napoleon Railway Company, to foreclose a mortgage. From a decree of sale and an order confirming the sale, Clyde R. Painter, creditor, bondholder, and stockholder appeals; his application to vacate the same having been denied. Affirmed.

W. W. Campbell, of Toledo, Ohio, and Joseph Sagmeister, of Cincinnati, Ohio, for appellant.

Campbell, Bulkley & Ledyard, of Toledo, Ohio, Anderson, Wilcox & Lacy, of Detroit, Mich., and Brown, Geddes, Schmettau & Williams, of Toledo, Ohio (Lloyd T. Williams, of Toledo, Ohio, of counsel), for appellees.

Before WARRINGTON and DENISON, Circuit Judges, and McCALL, District Judge.

McCALL, District Judge. [1, 2] This bill was filed by the Union Trust Company, trustee, versus the Lake Erie, Bowling Green & Napoleon Railway Company, to foreclose a certain mortgage. No answer was filed, and the case proceeded to a sale of the property and confirmation thereof. The case is here on appeal by Clyde R. Painter, creditor and holder of bonds and stocks of the defendant railway company. A motion is made by appellee to dismiss, on the ground that the appeal was taken from an order of the court below, overruling an application by Painter to set aside a former decree of sale and an order confirming the same, and was not an appeal in any sense taken either from the decree of sale or from the order confirming the sale. The motion should be granted (Willis v. Davis, 184 Fed. 889, 107 C. C. A. 211, Sixth Circuit; Conboy v. First National Bank, 203 U. S. 141, 27 Sup. Ct. 50, 51 L. Ed. 128), if the record in fact sustains the grounds on which the motion is predicated.

The decree of sale was entered June 28, 1916; the property was sold by the master August 5, 1916; and the report of sale was confirmed August 8th thereafter, without an order nisi. On August 15, 1916, Painter et al. filed an application to set aside the sale and the

order confirming same, which application was on September 16th disallowed. The petition for appeal was filed and the appeal allowed on October 10, 1916. Among other things stated in the petition is the following:

"Clyde R. Painter * * * considering himself aggrieved by the order, judgment, and decree made and entered on September 16, 1916, in the above-entitled cause and matter, does hereby *appeal from said order, judgment, and decree confirming the sale of the property * * * at special master's sale held on August 5, 1916* (italics ours) and the order, judgment, and decree overruling the application of said Clyde R. Painter et al. * * * to set aside and revoke the said order confirming said sale * * * entered on August 8, 1916, etc."

From this it appears that the appeal was taken, not only from the order overruling the petition to rehear, but also from the decree entered August 8, 1916, confirming the master's report of sale made on August 5th. This appears to be clear; but, if anything further is needed to disclose what the pleader had in mind when he appealed, it is found in the fourth assignment of error, which is in substance that the decree of August 8th confirming the sale of August 5th was contrary to law and the rules and principles of equity; and, further, the citation issued by Judge Killits cites and admonishes the appellee to appear and show cause why the judgment, order, and decree rendered August 8, 1916, confirming the sale of the property, etc., should not be corrected.

[3] It was not necessary to file a petition to rehear in order to give the right of appeal from the decree of August 8th, confirming the report of sale, Willis v. Davis, 184 Fed. 889, 107 C. C. A. 211; hence the appeal from the order overruling the petition to rehear should, as we think, be treated as surplusage. It appearing that the appeal was taken from the decree confirming the sale, and within six months after its entry, the motion to dismiss must be denied. 26 Statutes at Large, 826, c. 517, § 11; Foster's Federal Practice, vol. 3 (4th Ed.) p. 2065; Simpkins' Federal Equity Suit, p. 689.

Coming to the consideration of the errors assigned, the questions presented may be stated under two heads and disposed of together:

(1) Was the interest of appellant prejudiced by the action of the court below, in confirming the master's report of sale without an order nisi?

(2) Was the price for which the property sold so grossly inadequate that a court of equity should set it aside?

[4, 5] From an attentive examination of the record, it may be stated with fairness that appellant Painter, who was interested personally and as attorney for others, had knowledge or was chargeable with knowledge, of all that transpired in the progress of this suit in the court below, from the filing of the bill in foreclosure May 15, 1915, to the public sale of the property involved on August 5, 1916. In re McCall, 145 Fed. 898, 76 C. C. A. 430, Sixth Circuit. Indeed, no complaint is made of any action of the District Court prior to August 8, 1916, when the master's report of sale was confirmed. But it is insisted that the order confirming the sale was not made in accordance with law or equity procedure, in that no order or decree nisi

was made or entered, to the effect that the sale would be confirmed on a day certain, unless within that time sufficient cause to the contrary should be shown. It appears that on August 8th, three days after the sale, and on the same day the master filed his report of sale, counsel for the trustee under the mortgage moved the court for an order confirming the report of sale and also an order nisi, but for reasons appearing satisfactory to the court the motion for an order nisi was disallowed and the motion to confirm the master's report of sale was on that day allowed and the sale made absolute.

There is nothing in the record to indicate that appellant was present or represented, except it be generally by counsel for the trustee. However this was, several days later, on August 15th, appellant as attorney for the Department of Banks and Banking of the State of Ohio, and in person and by attorney, filed an application to set aside the decree of sale and the order confirming the same. This application was heard September 9, 1916, when much evidence was introduced before the court, whereupon the court said:

"After hearing the arguments and statements of counsel and the evidence, and no one advising the court of his desire to offer more than $140,000 for the property of the defendant, the Lake Erie, Bowling Green & Napoleon Railway Company, should the application be granted and the sale set aside and a new sale had, and the applicants above named admitting in open court that they were unable to inform the court of any person or corporation in their judgment who could reasonably be expected to become bidders for said property should the application be granted and said sale set aside and a new sale had, and there being no reasonable suggestion to the court of collusion, suppression of bids, or other vitiating circumstances attending said sale, and the court being of the opinion, considering all the circumstances attending said sale and bearing upon the transaction, that no better terms could reasonably be expected within a reasonable time than those obtained at said sale and that said sale was fairly conducted and had after full information of its terms, conditions, date, and place, which information was had by the applicants herein, finds that said application should be and the same is hereby overruled."

We agree with the learned trial judge in the conclusion reached to the effect that appellant's interests were not prejudiced by reason of any irregularity in the proceedings below, and that under the facts a resale of the property should not have been ordered on the grounds of inadequacy of price. We are strengthened in this view by the responses of counsel for appellant at the hearing to questions by members of the court, seeking to have counsel state just in what particular appellant was prejudiced to his detriment by the decree below, and if reversed what reasonable assurance was there that appellant would be benefited thereby.

We think, however, that the motion of counsel for the trustee for an order nisi ordinarily should have been granted, or by some other method an opportunity afforded to file exceptions to the master's report, prior to its confirmation. However, since the appellant on his motion for rehearing had the opportunity, and did in fact present to the court his objections to the decree appealed from as fully as he might have done under an order nisi, we think the denial of the motion for, or the failure of the court to grant, an order nisi was not prejudicial, even if irregular.

[6] It is further insisted by appellant that there was an arrangement between the purchaser Luce and certain stockholders and bondholders (in the Lake Erie, Bowling Green & Napoleon Railway Company), whereby they should participate in a reorganization without furnishing like opportunity to other stockholders and bondholders and creditors. This contention arises out of the fourth paragraph of the application to set aside the sale and order confirming same. Louisville Trust Co. v. Louisville, etc., Ry., 174 U. S. 674, 19 Sup. Ct. 827, 43 L. Ed. 1130, and other cases are cited to support it. We find no error assigned in respect of this feature of the case; and we are of opinion that, if there was such error it does not appear on the record so plainly as to warrant its consideration under Rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii), if indeed it appears that the question was raised and presented to the court below in such manner and at such time as error could have been properly assigned.

The decree below is affirmed, with costs.