## MANDEL BROS. v. VICTORY BELT CO.

(Circuit Court of Appeals, Seventh Circuit. November 27, 1926.)

No. 3723.

**1. Appearance ⬅26.**

Defendant's counsel's request that court set aside default, so that defendant could defend on merits, *held* general appearance, giving court jurisdiction of defendant.

**2. Appeal and error ⬅95.**

Order denying defendant's motion to quash marshal's return on subpœna *held* appealable.

**3. Judgment ⬅138(3), 145(1)—Petitions to set aside default because summons did not come to counsel's attention until after default, that there was meritorious defense, and that service was made on officer not authorized to accept service, held addressed to trial Court's discretion.**

Petition to set aside default because summons served on defendant was inadvertently lost or misplaced, and did not come to attention of defendant's counsel until after default, and that defendant had meritorious defense, and subsequent petition alleging that service was not made on defendant, but on officer not authorized to accept service, were addressed to trial court's sound discretion, and denial thereof must stand, in absence of abuse of discretion.

**4. Judgment ⬅138(3)—Corporate defendant's petition to set aside default for lack of service on defendant held properly denied, where previous motions to quash marshal's return on subpœnas were denied, and no appeal taken.**

Defendant corporation's petition to set aside default, because service was not made on defendant, but on officer not authorized to accept service, when defendant's president was in the building, *held* properly denied, where previous similar motions to quash marshal's return on subpœnas were denied, and no appeal taken.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Victory Belt Company against Mandel Bros., a corporation. From a decree denying defendant's petition to set aside default, defendant appeals. Affirmed.

Alan J. Altheimer, of Chicago, Ill., for appellant.

Charles Hudson, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. The return of service on defendant corporation, hereinafter set out, was made August 8, 1925. October 1, 1925, defendant was defaulted and a final decree entered. November 3, 1925, defendant petitioned the court to set aside the default, and said:

"The summons served upon the defendant was inadvertently lost or misplaced * * * and did not come to the attention of counsel * * * until on or about the 25th day of October, 1925; that Mandel Bros. has a meritorious defense. * * *"

Matters deemed by it to be sufficient to show a meritorious defense are set out. Other than continuances of that motion, the next thing shown is the following, on January 27, 1926:

"It is further ordered that the .motion to vacate default decree and to quash marshal's return on subpœnas be and the same is hereby stayed for hearing to 2 p. m:, January 28, A. D. 1926."

On January 28th, it was ordered:

"This cause coming on to be heard upon the defendant's motion to quash the marshal's return on subpœnas, and after arguments of counsel and due deliberation by the court, said motion is overruled and denied."

Those two orders present the whole record in any way relating to action on the marshal's return. On January 28th an order was entered, .denying the petition to vacate the default decree. Without seeking a review of either of those orders, defendant, on February 5, 1926, filed another petition, in part as follows:

"Mandel Bros. * * * respectfully petitions and requests the court to set aside the order of default and decree rendered * * * on October 1, 1925, and for cause states: (1) That no service was had upon Mandel Bros.; * * * that the subpœna * * * was left with one L. S. Crowder, assistant to the secretary and treasurer of Mandel Bros.; that the return of the marshal on the subpœna is as follows: 'I have executed this writ within my district in the following manner, to wit: Upon the within-named Mandel Bros., a corporation, by L. E. Crowder, attorney for said corporation, by reading, and at the same time delivering to him a true copy hereof. Done at Chicago, Illinois, on August 8, A. D. 1925.' "

The petition then states that Crowder was not attorney for defendant, and was not designated by Mandel Bros. to accept service; that on the date of the service the president of the corporation was in the store building occupied by defendant in Cook county, and no effort was made to serve him. The same facts, with reference to mislaying the subpœna and what followed, presented in the former petition, were again set out, and that part of the petition concludes with a statement that such diligence has been shown that the lapse of time ought not to preclude the court from vacating the default decree. Default by plaintiff in the payment of its franchise tax to the state of Illinois is another reason urged in support of the petition, and a further reason urged is the same meritorious defense set out in the petition of November 3d. After a hearing, that petition was denied, and was followed, the same day, by this appeal therefrom.

The errors assigned are: (1) The affidavits and marshal's return show that there was no service; (2) the certificate of dissolution from the secretary of state shows that plaintiff had no capacity to sue; (3) that plaintiff committed fraud upon the court by falsely showing that it had capacity to sue; (4) that the bill misrepresented to the court that defendant had wilfully and wrongfully violated the complainant's patent.

Whether the court, on a motion made after the expiration of the October term, would have had the power, on a direct application, to quash the marshal's return, we do not decide.

[1] Solely through defendant's fault, the subpœna did not come to counsel's hands until more than 2½ months after its service, and counsel waited 10 days longer, and 3 days after the term at which the decree was entered, before doing anything. Counsel then told the court that the subpœna had been served upon defendant, but had been mislaid, and, without in any way challenging the return, asked to have the default set aside, so that defendant could make a defense upon the merits. That was a general appearance, which gave the court jurisdiction over the defendant. The petition was denied at the January, 1926, term, and the order was not appealed from.

[2, 3] The only record of any motion to quash the marshal's return was nearly 6 months after the service and nearly 90 days after the general appearance on November 3, 1925. There was no appeal from the order made on January 28, 1926, denying that motion. We are of opinion that that was an appealable order. The petitions of November 3, 1925, and February 5, 1926, are substantially identical, and both addressed to the sound discretion of the court, and must stand, unless abuse of discretion appears, which the record does not show. In any event, the appeal should have been from the order of January 28, 1926.

[4] Whether section 8, chapter 110, Illinois Revised Statutes, governs service on corporations sued in equity, we do not decide. The return was probably defective, but we are of opinion, from the record made by defendant as to Crowder and others, that the return could have been amended so as truthfully to show good service. President Mandel's affidavit fails to show his presence at the store more than half of the day of service, and does not show his presence in Cook county the other half, or, if he was present, that the officer could have reasonably been expected to find him among the 3,000,000 people of that county.

The decree is affirmed.