**AYER v. KEMPER et al.**
No. 217.

Circuit Court of Appeals, Second Circuit.
April 6, 1931.

Archibald N. Jordan, of New York City, for appellant.

Arthur M. Wickwire, of New York City, and Thomas H. Ray, of Boston, Mass., for appellee James C. Ayer.

Merrill, Rogers, Gifford & Woody, of New York City (Charles L. Woody and Herbert P. Carter, both of New York City, of counsel), for appellee William T. Kemper.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above).

The appellant contends that the court was not lacking jurisdiction to grant its motion, and this raises several questions upon which surprisingly little authority has been adduced. It is, of course, admitted that in general a court is without power to annul a judgment or decree after the expiration of the term at which it was entered, unless the proceeding seeking annulment was begun within the term. Delaware, L. & W. R. Co. v. Rellstab, 276 U. S. 1, 5, 48 S. Ct. 203, 72 L. Ed. 439; In re Metropolitan Trust Co., 218 U. S. 312, 320, 31 S. Ct. 18, 54 L. Ed. 1051; United States v. Mayer, 235 U. S. 55, 67, 35 S. Ct. 16, 59 L. Ed. 129. Under Rule 5 of the General Rules of the District Court "each term of court is extended for ninety days from the date of entry of the final judgment or decree." The ninetieth day from the decree of April 14, 1930, fell upon a Sunday, and the first dispute involves the effect to be accorded to that fact.

The decision of this court in Maresca v. United States, 277 F. 727, is cited as establishing that, when the last day of the term falls on Sunday, the term is not extended to

the following day. That case involved the time within which a bill of exceptions in a criminal case must be signed and filed. As was carefully pointed out in the opinion, the right to a bill of exceptions in a criminal case in the federal courts is statutory, and consequently the rule previously laid down in Siegelschiffer v. Penn. Mutual Life Ins. Co., 248 F. 226, 227 (C. C. A. 2), with respect to the construction of the statutory period provided for suing out an appeal or writ of error was deemed applicable. The Maresca Case does not purport to lay down a broader doctrine. While the cases are not entirely uniform, there is ample authority for the view that, when the last day fixed by court rule for taking any proceeding falls on Sunday, performance on the following day is a sufficient compliance. See Austin, Nichols & Co., Inc., v. Gilman, 100 Conn. 81, 123 A. 32; Simkin v. Cole, 2 W. W. Harrington (32 Del.) 271, 122 A. 191; Neiswander v. Brickner, 116 Ohio St. 249, 156 N. E. 138; Feuchtwanger v. McCool, 29 N. J. Eq. 151; Cock v. Bunn, 6 Johns. (N. Y.) 326; Morris v. Barrett, 141 Eng. Rep. 768; Daniell's Chancery Pleading & Practice (6th Am. Ed.), p. ' 354. That is the rule adopted in the Equity Rules of the Supreme Court (28 USCA § 723), Rule 80 providing: "When the time prescribed by these rules for doing any act expires on a Sunday or legal holiday, such time shall extend to and include the next succeeding day that is not a Sunday or legal holiday."

Literally it may be said that "these rules" do not embrace Rule 5 of the District Court; but such a view seems to us too verbal. We believe that Rule 5 of the District Court, at least as applied to proceedings in equity, should be construed with reference to and in harmony with Equity Rule 80 (28 USCA § 723). Consequently, we think the appellant's contention that the term included the ninety-first day is sound.

▆▆ The question then arises whether enough was done upon July 14th to give the court jurisdiction to annul the decree thereafter. Several Supreme Court decisions contain expressions which imply that to carry over a motion to a subsequent term it must be "filed and entertained" during the judgment term. See cases cited and discussed in Payne v. Garth, 285 F. 301, 303–309 (C. C. A. 8). But certainly in actions at law it is enough if the motion be filed within the term, though not brought to the court's attention until later. Kingman & Co. v. Western Manufacturing Co., 170 U. S. 675, 680, 18 S. Ct. 786, 42 L.

Ed. 1192; Payne v. Garth, supra. In all reason it would seem that the rule should be the same in equity as at law; but in Graham v. Swayne, 109 F. 366 (C. C. A. 5), it was held, in reliance upon Equity Rule 88, the predecessor of the present Rule 69 (28 USCA § 723), that a motion to reopen an appealable decree must be called to the court's attention and some action thereon be taken during the term.[1] Whether we should follow that decision in the case of a petition for a rehearing, for which Rule 69 provides, we need not now determine. The present motion is essentially a motion to intervene, for, unless the mover's right to become a party is recognized, he has no standing to seek vacation of the decree. Cf. Sage v. Central R. Co., 93 U. S. 412, 418, 23 L. Ed. 933. We shall proceed, therefore, upon the assumption that Rule 69 does not apply, and that the filing of such a motion within the term and its subsequent entertainment by the court would be as effective in a suit in equity as it would in an action at law.

It is clear that serving notice on July 14 of the motion to be made on July 22d was neither the making nor the filing of a motion within the term. A notice of motion is but "a private paper in the hands of the party who gives it, and does not belong to the court until the motion is made." Cheatham v. Howell, 6 Yerg. (Tenn.) 311, 313. See, also, Gunnells v. State Bank, 18 Ala. 676; Herrlich v. McDonald, 80 Cal. 472, 22 P. 299. But appellant did more than merely serve the notice on July 14th; the notice accompanied by an affidavit of service was left with the clerk of the court, who forthwith entered the motion in the motion book for July 22d, although he returned the notice with instructions to hand it up to the court when the motion was called. Under the practice prevailing in the Southern district of New York, appellant says it is not possible to file any motion papers, except a note of issue, until the argument of the motion. No note of issue was actually filed until July 18th, but the same result was accomplished on the 14th as though a note of issue had been filed on that date, namely, placing the motion upon the motion calendar. Hence, if filing a note of issue on July 14th would have been suffi-

[1] See, also, the dictum in Cambuston v. United States, 95 U. S. 285, 288, 24 L. Ed. 448, where it is said, with a reference to the predecessor of Rule 69, that in suits in equity the practice is even more strict than at law. And in Giant Powder Co. v. Cal. Vigorit Powder Co., 5 F. 197, 201 (C. C. Cal.), Mr. Justice Field, who had entered the decree on circuit, said that the procedure to obtain a rehearing was to file a petition with the Circuit Court and procure an order on the opposite party to show cause.

cient to give the court jurisdiction to consider the motion on the 22d, and we think it would, like effect should be given to the entry of the motion in the motion book. Cf. Gunnells v. State Bank, supra, apparently contra.

It will be observed that the motion asked no action by the court during the term at which the decree was entered. It neither requested nor contemplated any action until after the term had expired. Hence it may be argued that nothing was initiated during the judgment term to be carried over for action by the court during the subsequent term. Moreover, if it be sufficient to file a motion returnable eight days after expiration of the judgment term, then why not one returnable eight weeks or eight months thereafter? Thus might a losing party find a ready means to extend the time within which a judgment or decree against him would become final and appealable. No federal authorities have been adduced which discuss whether the motion must be returnable within the judgment term, nor disclose its precise form. A few state cases seem to sustain jurisdiction although the motion was returnable after the term. Flanery v. Kusha, 147 Minn. 156, 179 N. W. 902; Bowman v. Bowman, 47 Nev. 207, 217 P. 1102. To make the power of the court turn on the form of the motion seems highly artificial. A motion that eight days hence the court will be asked to annul its decree may well be given a double aspect, being construed as a motion presently initiated, when filed or noted in the motion book, with a request that it be brought on for argument eight days hence. So construed, both of the objections above noted are met, for there is a present motion to be carried over to the next term, and, if the mover has too long postponed the date for argument, the opposing party may call it up for earlier action. We conclude, therefore, that enough was done on July 14th to give the court power to consider the motion after the term expired.

The notice of motion disclosed nothing as to appellant's interest in the litigation; it asked annulment of the decree only upon the pleadings and prior proceedings in the suit. If the court were confined to papers filed within the judgment term, no basis whatever appeared for annulling the decree or allowing appellant, a complete stranger to the litigation, to intervene. However, if we are right in holding that the court had jurisdiction to consider the motion, we think it also had jurisdiction to allow the motion papers to be, in effect, amended after the term,

and to consider the facts set forth in appellant's petition, served on the attorneys of record on July 18th. Thus we reach finally the merits of the controversy involved in appellant's motion.

In brief, its contention is that the decree of dismissal "with prejudice" bars all members of the class of similarly defrauded noteholders, and hence should not have been entered without giving to it notice and an opportunity to object. But, properly speaking, Ayer's suit was not a class suit. There is not a single interest held by all the former noteholders, as, for example, when shareholders sue in the corporate right, or when several plaintiffs are cotenants or the like. See Smith v. Swormstedt, 16 How. 288, 302, 14 L. Ed. 942; Beatty v. Kurtz, 2 Pet. 566, 585, 7 L. Ed. 521; Supreme Tribe of Ben Hur v. Cauble, 255 U. S. 356, 363, 41 S. Ct. 338, 65 L. Ed. 673. It is true that the bill charged that the defendant was in a fiduciary relationship to each of the former noteholders and that he dealt with them without disclosing information which would have influenced their sales to him; but a separate wrong was committed against each noteholder when the defendant dealt with him without disclosing the facts, and each transaction was in reality the basis for a separate suit, depending for its outcome upon how much was disclosed to the noteholder in question and any other circumstances which might affect his right. Nor is there any single fund in which all must share; on the contrary, the trust fund is separable, and Kemper must hold all that he made on resale of each note as constructive trustee for the defrauded holder of that note. The defrauded noteholders had no common fund. We may agree arguendo that Ayer might, if he chose, unite others similarly situated, but they became parties only upon intervention. Thus jurisdiction of the court would depend upon the amount of Ayer's claim and could not be aided by adding to it the claims of others. Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77, 85, 43 S. Ct. 480, 67 L. Ed. 871; Cohn v. Cities Service Co., 45 F.(2d) 687 (C. C. A. 2). Ayer's suit was a "spurious class suit" (1 Street, Fed. Eq. Prac. § 548), and the decree does not bind those who are not parties (1 Street, § 552). Indeed, even in a class suit, continuance of the litigation seems to remain in the hands of the parties plaintiff. Hirshfield v. Fitzgerald, 157 N. Y. 166, 51 N. E. 997, 46 L. R. A. 839; Piedmont, etc., Co. v. Maury, 75 Va. 508; Bernheim v. Wallace, 186 Ky. 459, 217 S. W. 916, 8 A. L. R. 950. But however that may be, in a suit of the kind now un-

der consideration it is clear that the decree of dismissal will not prejudice any rights which appellant may have. Wabash R. Co. v. Adelbert College, 208 U. S. 38, 28 S. Ct. 182, 52 L. Ed. 379; Compton v. Jesup, 68 F. 263 (C. C. A. 6).

Accordingly, appellant's motion was properly denied, and the order is affirmed.