## STEINFUR PATENTS CORPORATION v. MEYERSON et al.

Circuit Court of Appeals, Second Circuit.

May 14, 1931.

Edward M. Evarts, of New York City, for appellee.

Alexander A. Mayper, of New York City, for appellants.

Before MANTON, SWAN, and CHASE, Circuit Judges.

### PER CURIAM.

On a default by the defendants the plaintiff entered a decree of infringement of patent. This motion is to set aside that decree. An order was entered below denying the motion to set aside the decree entered.

This appeal is not from the decree, but from the order. Discretionary orders are not appealable. Roemer v. Bernheim, 132 U. S. 103, 10 S. Ct. 12, 33 L. Ed. 277; Dean v. Mason, 20 How. 198, 15 L. Ed. 876; Mobile Shipbuilding Co. v. Federal Bridge &. S. Co., 280 F. 292 (C. C. A. 7); Connor v. Peugh's Lessee, 18 How. 394, 15 L. Ed. 432; Cambuston v. United States, 95 U. S. 285, 24 L. Ed. 448. The authority relied on by the defendants, Zadig v. Aetna Ins. Co., 42 F.(2d) 142 (C. C. A. 2), involved a dismissal for lack of prosecution. The court considered the order of dismissal as if a final decree. We held that the trial court's refusing to consider the motion on the merits was not an exercise of discretion, but rather passing upon the want of jurisdiction. We held the order final and appealable. Such orders are appealable. Mandel Bros. v. Victory Belt Co., 15 F.(2d) 610 (C. C. A. 7); Marion County Court v. Ridge, 13 F.(2d) 969 (C. C. A. 4); United States v. Trogler, 237 F. 181 (C. C. A. 8).

Motion to dismiss appeal granted.