**George A. SHAHEEN, Petitioner,**

v.

**Honorable Paul D. SHRIVER, as Judge of the District Court of Guam, Unincorporated Territory of Guam, Respondent.**

**Misc. No. 434.**

United States Court of Appeals
Ninth Circuit.

April 22, 1955.

George A. Shaheen, in pro per., Heen, Kai, Dodge & Lum, R. G. Dodge, Honolulu, Hawaii, for petitioner.

No appearance for respondent.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and JAMES M. CARTER, District Judge.

DENMAN, Chief Judge.

Shaheen applies for leave to file a petition for writs of mandamus or prohibition to control action by the respondent in two different cases being litigated before him.

I. Shaheen has a purported appeal pending in this court entitled George A. Shaheen v. Government of Guam, No. 14,690, a suit to establish a claimed tax liability of Shaheen to that government. The appeal is from an order refusing to dismiss the action based upon a claimed wrongful order refusing to set aside the service of summons on him. He seeks a writ of mandamus or prohibition from us to compel the District Court to set aside the order.

If the order refusing dismissal be an appealable one [1] the decision of the question of its validity should be decided in the course of the appeal and mandamus should not be substituted therefor. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185.

If the order be not an appealable one [2] the case should be heard and decided below and the matter brought to us on appeal. No special circumstances being alleged, there is no ground to grant the petition for the writ. Roche v. Evaporated Milk Ass'n, supra.

The application for permission to file a petition for a writ of mandamus or prohibition for the above purpose is denied.

II. Shaheen further seeks a writ of mandamus or prohibition in a proceeding in which respondent is the judge entitled, "In re Fund Held By District Court of Guam in Payment of Judgment in Civil Case No. 12–53, Ramirez v. Shaheen."

In Ramirez v. Shaheen the latter had recovered a very large money judgment and, failing an appeal, the judgment had become final. The clerk of the court held various sums of money he had received in part payment of the judgment and it was expected that he would receive further sums of such money.

The court on April 4, 1955 ordered that, pending its further order, the clerk should retain in his custody the funds theretofore received or thereafter to be received by him in payment of the judgment and granted a petition of the Commissioner of Revenue and Taxation for permission to levy on such funds in the hands of the clerk for certain claimed tax obligations of Shaheen to the Government of Guam, such levy retroactively to be deemed served as of March 16, 1955. The order, however, had a proviso that Shaheen be given twenty days from the

---

1. Cf. Mandel Bros. v. Victory Belt Co., 7 Cir., 15 F.2d 610.

2. Street & Smith Publications, Inc., v. Spikes, 5 Cir., 107 F.2d 755.

date of the service of the order and the petition for the tax levy within which to show cause why such permission to levy should not be authorized.

It is obvious that this attempted levy is a separate piece of litigation under consideration by the District Court and that the order that the funds shall be held intact pending the litigation is not an appealable order. Shaheen seeks from this court mandamus or prohibition to prevent the continuation of the litigation below. No irreparable harm can come to him by such retention of funds pending the litigation. From its decision, if adverse to Shaheen, he may appeal to this Court. No ground is shown for the substitution of mandamus or prohibition for such an appeal. Roche v. Evaporated Milk Ass'n, supra.

The application to file his petition for this second writ of mandamus or prohibition is denied.