·ANDREW WYLIE, JR., ADMINISTRATOR OF SAMUEL BALDWIN, APPELLANT, *v.* RICHARD S. COXE.

An appeal will not lie to this court from a refusal of the court below to open a prior decree, and grant a rehearing. The decision of this point rests entirely in the sound discretion of the court below.

The case of Brockett *v.* Brockett, (2 How. 240,) explained.

Two appeals having been taken, one from the original decree, and the other from the refusal to open it, the latter must be dismissed, and the case stand for hearing upon the first appeal.

A motion for a mandate upon the court below, to carry the decree into execution, overruled.

THIS was an appeal from the Circuit Court of the United States, for the District of Columbia.

It was brought before the court upon the following motion : —

The appellee in this case moves the court to dismiss the second appeal in this record from the order of the Circuit Court, overruling a motion to open the decree and grant a rehearing. And, also, to award a writ of *procedendo*, commanding the said Circuit Court to proceed and execute the first decree.

RICHARD S. COXE,.

Dec. 22d, 1852.                                    *In pro. per.*

Mr. Chief Justice TANEY delivered the opinion of the court

This is an appeal from the decree of the Circuit Court, for the District of Columbia.

The bill was filed by the appellee, to recover a sum of money

VOL. XIV.                          1

which he alleged was due to him for services rendered to the appellant, as administrator, and to Baldwin, the intestate, in his lifetime, in recovering a large sum of money, which was due to the said Baldwin from the Mexican government. The case proceeded to final hearing; and, on the 28th of April, 1852, the court passed its decree, directing the appellant, as administrator, to pay to the appellee $3,750, with interest from the 16th of May, 1851, until paid.

From this decree the appellant prayed an appeal to this court, and executed an appeal-bond in the usual form, in the penalty of $200. The bond is dated on the 6th of May, 1852, and on the same day was left for approval in the clerk's office, and, as appears by an indorsement upon it, was approved and filed on the 13th of the same month.

On the 13th of May, 1852, the appellant filed a petition for a rehearing, and on the same day moved to open the decree. The appellee answered the petition on the 19th. And, on the 22d, the motion to open the decree and for a rehearing, was overruled by the court. And, thereupon, the appellant prayed an appeal, as well from this order as from the decree of April 28th; and on the same day executed an appeal-bond in the penalty of $7,500, which was approved by the court.

The case is therefore here upon two appeals: 1st, from the final decree, directing the payment of the money; and, 2d, from the order overruling the motion to open this decree and grant a rehearing.

In relation to the order, it is plain that no appeal will lie from the refusal of a motion to open the decree and grant a rehearing. The decision of such a motion rests in the sound discretion of the court below, and no appeal will lie from it.

The case of Brockett *v*. Brockett, (2 How. 240,) which was relied on in the argument, was decided on different ground. In that case, before any appeal was taken, a petition was filed to open the decree for certain purposes, and the court referred it to a commissioner to examine and report on the matters stated in the petition. Upon his report, the court refused to open the decree, and the party thereupon appealed from this refusal, as well as the original decree, and gave bond, with sufficient security, to prosecute the appeal. This bond was given within ten days of the refusal of the motion, but was more than a month after the original decree. And the court held that this appeal was well taken; not because an appeal will lie from the refusal of a motion to open the decree and grant a rehearing, but because the court regarded the original decree as suspended by the action of the court on the motion, and that it was not effectual and final until the motion was overruled.

But in this case the decree was not suspended. It was final from its date. An appeal had been regularly taken from it, and an appeal-bond given. And the case has come up to this court upon that appeal. There is no ground, therefore, for saying, that the first decree was not final until the motion was overruled. It is now before this court upon the first appeal; and the second appeal, although it professes to be an appeal from the original decree, as well as from the subsequent order, could not act on the original decree, which was already removed; and the validity of this last appeal must rest altogether on the refusal to open and rehear. And, as an appeal will not lie from the decision of such a motion, the appeal, so far as concerns the order on the petition for a rehearing, and the refusal of the Circuit Court to grant the same, must be dismissed.

The first appeal was, however, regularly taken, and the case will stand for hearing when it is reached in the regular call of the docket. And, as it is now presented by the record, we see no ground for a mandate to the Circuit Court. No application has been made to it to carry the decree into execution; or to stay proceedings in it pending this appeal. We are bound to presume that the court below will do whatever may be right in the premises, if the subject is properly brought before it. And we cannot, in advance, undertake to guide their judgment by a mandate.

The motion for an order on the Circuit Court, to proceed to carry the decree into execution, is therefore overruled.