## McNEILL *v.* TOWN OF ANDES.

*(Circuit Court, N. D. New York. October 9, 1889.)*

**1. PRACTICE IN CIVIL CASES—STIPULATIONS.**
The parties entered into a stipulation to stay proceedings until the decision of an appeal in a test case, as follows: "The plaintiff stipulates and agrees that if upon said appeal the bonds or coupons in controversy therein are held to be void, or for any reason shall be held not to be the valid obligations of said town, then that this action shall be forthwith dismissed, with costs. And the defendant stipulates and agrees that unless such decision is rendered, then that defendant's answer shall forthwith, after the decision of said appeal, be stricken out, and that the plaintiff shall have judgment as demanded." The appeal was decided, not on its merits, and without reference to the validity of the bonds. *Held,* that defendant could not be relieved on the ground that the action of the appellate court was not in the contemplation of the parties when the stipulation was signed.

**2. SAME—WAIVER OF DEFENSES.**
Defenses not reserved by the stipulation are thereby waived, though they are not presented by the record in the test case.

**3. SAME—NEWLY-DISCOVERED DEFENSES.**
Newly-discovered defenses, which would not be sufficient cause for a new trial, will not justify relief.

At Law.    On application to be relieved from a stipulation.

In the autumn of 1888 the defendant made a motion for a stay of proceedings pending the decision of the supreme court in the case of Slauson against this defendant, involving substantially the same questions. An order was entered granting the motion, on condition that the defendant would file a stipulation, within 10 days from the date of the order, that this cause should abide the result in the supreme court. In default of such stipulation the cause was to proceed in the usual manner. On the 30th of October the parties, after due deliberation and consultation, entered into a stipulation, the important part of which is as follows:

"Stipulated, that all proceedings herein shall be stayed until the determination of the appeal now pending in the United States supreme court of the town of Andes, plaintiff in error, against Albert Slauson, in consideration of the following: The plaintiff stipulates and agrees that if upon said appeal the bonds or coupons in controversy therein are held to be void, or for any reason shall be held not to be the valid obligations of said town, then that this action shall be forthwith dismissed, with costs. And the defendant stipulates and agrees that, unless such decision is rendered, then that defendant's answer shall forthwith, after the decision of said appeal, be stricken out, and that the plaintiff shall have judgment as demanded."

But for this stipulation, and the stay obtained by virtue thereof, the plaintiff could have obtained judgment at the November term, 1888, as the law, so far as this court is concerned, was settled beyond dispute in the *Slauson Case.* In April, 1889, the supreme court affirmed the judgment in that case for the reasons stated in the opinion. 130 U. S. 435, 9 Sup. Ct. Rep. 573. It was not a decision upon the merits. The defendant now asks to be relieved from the stipulation, for the reason that the action of the supreme court could not have been anticipated, and was not in the contemplation of the parties when the stipulation was signed.

*J. B. Gleason,* for plaintiff.

*W. H. Johnson,* for defendant.

COXE, J., (*after stating the facts as above.*)  I do not see how the court can properly interfere to relieve the defendant.  The stipulation is very broad.  Its terms are unmistakable.  The agreement was that, if the bonds were for any reason held to be void by the supreme court, the plaintiff's suit should be dismissed.  On the other hand, if the supreme court did not decide that the bonds were void, the plaintiff was to have judgment forthwith.  To entitle the plaintiff to judgment, nothing was required but a decision of the supreme court which did not invalidate the bonds.  The decision rendered, or a decision dismissing the writ of error for lack of jurisdiction, or for defects in the record, was just as much within the stipulation as an affirmance on the merits.  The court appreciates the dilemma of the defendant, and would gladly afford relief if it could be done with justice to the plaintiff; but the latter has acted in good faith, relying upon the terms of the agreement.  The parties cannot be relegated to the position in which they were when the stipulation was entered into.  The plaintiff has parted with valuable rights. At any of the four terms lost by means of the stay the plaintiff could have obtained a final judgment.  Now, however, the recovery and interest will be sufficient to enable the defendant to carry the cause to the supreme court, with the consequent delay.

Other reasons are urged why the relief should be granted, which may be divided into two classes,—those relating to alleged matters of defense not presented by the record in the *Slauson Case,* and those based upon newly-discovered defenses.  As to the former, being within the knowledge of the parties at the time, and not reserved, they were clearly waived by the stipulation.  The supreme court could not possibly have passed upon them.  As to the latter, I have considered them as if presented upon a motion for a new trial, and see no reason to set aside the judgment.  Had they been presented on the trial of the *Slauson Case* the result would have been the same.  The motion is denied.