# Richmond.

## FARRIS ET ALS. v. HUGHES, ADM'R.

### April 6th, 1893.

SPECIFIC PERFORMANCE—*Sale in gross—Claim for abatement—Case at bar.*—
By contract in writing, vendor sold land, describing it as containing 282 acres, " be the same more or less," and stating that " this sale is made in gross, and not by the acre." The purchase-money not having been paid, vendor filed his bill for its collection. Purchasers answered, claiming an abatement of $1,400 for deficiency in the land and the loss of a valuable spring, to which they alleged themselves to be entitled by reason of representations made to them by vendor at time of the sale. There being no proof of the allegations of the answer, and it being ascertained that there was a deficiency of about seven acres, the court below allowed them only $126.09, instead of the $1,400 claimed.

HELD :

No error whereof the purchasers are entitled to complain.

Appeal from decree of circuit court of Washington county, entered May 21st, 1891, in a cause wherein R. R. Hughes, sheriff administrator, was complainant, and R. E. Farris and others were defendants. The decree being adverse to the defendants, they appealed. Opinion states the case.

Argued at Wytheville. Decided at Richmond.

*Blair & Blair,* for appellants.

*White & Buchanan,* for appellee.

FAUNTLEROY, J., delivered the opinion of the court.

On the 31st of January, 1882, one Selden Longley, attorney

in fact for Mrs. Mary G. Cunningham, by a written contract, sold to Rachel E. Farris and George W. Farris a farm for $5,000.

The land is described in the contract by metes and bounds; and, upon payment of the purchase-money in full, a complete deed in fee simple is to be made. The contract says, in reference to the quantity of land sold: "Said tract contains (282) two hundred and eighty-two acres, be the same more or less, and this sale is made in gross, and not by the acre."

The purchasers took possession of the land at the date of the said contract of sale, and have continued in possession ever since. This suit was instituted in 1889, by the administrator (Hughes) of Mrs. Cunningham, and by her only child and heir at law, for a specific performance of the contract, offering to execute a deed to the purchasers in accordance with the contract, and asking for the collection of the balance due upon the purchase-money notes filed with the bill. The purchasers filed their answer to the bill, in which they claim a deficiency in the quantity of the land; and that it was positively represented to them, by the vendor, that they were buying a valuable stream of water from a never-failing spring on the said land, which they did not get, because of the claim and adverse possession of the adjacent land-owners, under title rendered good by lapse of time. And they fix the loss of land at the value of $400, and of the spring and stream of water at $1,000.

Without prejudice to the rights of either party to the suit, a survey was ordered by the court, to ascertain what, if any, portions of the land were held adversely; and it appears by the report of the surveyor, and the plat made in the cause, that there is a deficiency of seven acres and eighteen poles.

Upon this report, and the depositions of witnesses, the court decreed that the complainants are entitled to specific execution

of the contract of sale, but that the purchasers are entitled to an abatement of the purchase-money of $126.09, for the loss of seven acres and eighteen poles, which the defendants did not get possession of, according to the terms of the contract, because of the adverse possession of others; and that the defendants are not entitled to a credit of the whole of the purchase-price of the twenty acres sold to Stephen Sanders, but only to $300.00, paid by said Sanders to the agent of Mrs. Cunningham, as of the date of its payment; and further decreed that the complainants shall file in the cause a deed for the land contracted to be sold and delivered, less the said seven acres and eighteen poles, as shown by the surveyor's report, executed by Amanda B. Gatewood, the only child and heir at law of Mary G. Cunningham, deceased, with covenants of general warranty, as an escrow, ready to be delivered to the said defendants when the said purchase-money shall have been fully paid.

The allegations of the answer are not proved; but, on the contrary, the evidence clearly proves that Selden Longley, the agent of Mrs. Cunningham, who made the sale, made no representations whatever to the purchasers, or to either of them, before or at the time of the sale, about the water on the land, or as to where the lines ran; and that Farris knew and admitted that the spring was not on the Cunningham land which he bought. It is also proved, by the witnesses introduced by the defendants themselves, that there were division fences between the said tract of land and the adjacent land-owners, which had been there for many years, and that the land and water, which the purchasers claim to have lost, and for which they now claim an abatement of the purchase-money, had been in the actual adverse possession of the said adjacent land-owners for between twenty and thirty years. Farris examined the land prior to the purchase, and saw the division fences standing, as they had been for all the said

long period; and the purchasers took possession of the farm, as it was enclosed, and never set up any claim or made any endeavor to get possession of the land and water, which were in the enclosed boundaries and division fences of the adjacent land-owners.

The sale was not by the acre, but, expressly and guardedly, in gross; and the deficiency of the land is not more than is allowed for variation of the needle, even if the sale had not been expressly in gross. *Cunningham* v. *Miller*, 82 Va. (7 Hansbrough) 530; *Trinkle* v. *Jackson*, 86 Va. (11 Hansbrough) 238; *Graham* v. *Larmer*, 87 Va. (12 Hansbrough) 222; *Stebbins* v. *Eddy*, 4 Mason 414; 4 vol. Kent (11th edition) 467; 86 Va. 241–'2, and cases cited.

The claim of the purchasers, that they be allowed an abatement of $1,400 of the purchase-money for the alleged loss of land and water, which neither the vendor nor the vendees had in mind when the contract of sale was made—which the vendor did not think he was selling, nor the vendees think they were buying—is wholly untenable and without foundation; and it was properly disallowed by the court. *Grayson* v. *Buchanan*, 88 Va. (13 Hansbrough) 251; *Graham* v. *Larmer*, 87 Va. (13 Hansbrough) 226; *Sheffey* v. *Gardner*, 79 Va. (4 Hansbrough) 313.

The purchasers admit that they never did take from Sanders, or tender to the vendors, Sanders' bonds for the twenty acres which they sold to Sanders; and they are allowed, by the decree complained of, credit on their purchase-money for all the money paid by Sanders.

We find no error in the decree of the circuit court of Washington county, appealed from, and our judgment is to affirm the same.

DECREE AFFIRMED.