(3 Misc. Rep. 462.)

HINE v. NEW YORK EL. R. CO. et al.

(Superior Court of New York City, General Term.     May 1, 1893.)

STIPULATIONS—MOTION TO BE RELIEVED FROM.

In an action to restrain an elevated railway company from operating its road in front of plaintiff's premises, and for past damages, defendant stipulated, in compliance with an order granting a stay, that defendant would not institute condemnation proceedings; that, if plaintiff would deliver in escrow his deed of the easements of light, air, and access, defendant would not file any supplemental answer, or prove on any future trial in the action any transfer of interest of the plaintiff to the premises; and that, if plaintiff should convey the premises, the purchaser might be joined with or substituted for plaintiff. *Held,* that the stipulation was binding on defendant, not merely during the pendency of the stay, but that, where plaintiff conveyed the premises and joined with the purchaser in a deed to defendants, which was delivered in escrow, and the judgment subsequently rendered for plaintiff was reversed on appeal, and a new trial ordered, a motion made by defendant, nearly a year after such reversal, to be relieved from the stipulation in order to institute condemnation proceedings, would be denied.

Appeal from special term.

Action by Charles S. Hine against the New York Elevated Railroad Company and others. Motion by defendants to be relieved from certain stipulations. Denied. Defendants appeal. Affirmed.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

Davies, Short & Townsend, for appellants.

Arnoux, Ritch & Woodford, for respondent.

FREEDMAN, J. This action was brought to restrain the operation and maintenance of defendants' elevated railroad in front of plaintiff's premises, and for past damages. The appeal is from an order denying defendants' motion to vacate certain portions of orders made in this action, granting to defendants a stay during the pendency of their appeals, and to relieve defendants from certain stipulations made in pursuance of the said orders. In Re Metro-

politan El. Ry. Co., (N. Y. App.) 32 N. E. Rep. 1043, a stipulation given by the defendants in compliance with the terms of an order staying the operation of the injunction awarded by the judgment during an appeal to be taken, whereby they bound themselves not to institute or prosecute condemnation proceedings pending the stay granted, and to contest the plaintiff's rights only in the said action, was construed by the court of appeals as binding upon the defendants only during the pendency of the stay. The court simply construed the stipulation, and, in doing so, held that the phrase "pending the stay granted by the order" was to be applied to the whole agreement. In the present case the stipulation exacted and given, not to institute or prosecute condemnation proceedings, cannot be so construed, because the words "pending said appeal" (meaning the appeal to the court of appeals) were stricken from the order on a resettlement thereof, and the stipulation was given in conformity with the order as resettled.

On obtaining a stay during their appeal to the general term the defendants stipulated, in obedience to an order made for that purpose, among other things, as follows, viz.:

"(2) That, if the plaintiff would deliver to the clerk of the court his deed in escrow of the easements of light, air, and access, the defendants would not file or serve, or apply for leave to file or serve, any supplemental answer, or any answer embracing any supplemental matter, or prove, or offer to prove, upon any future trial in the action, or upon any proceeding to enforce judgment thereon, any transfer of interest of the plaintiff to the premises.

"(3) That if the plaintiff should convey the premises, or any part thereof, the purchaser might be joined with, or substituted for, the plaintiff, with the like force and effect as if he had originally been plaintiff in the action."

This stipulation cannot be construed as binding upon the defendants during the pendency of the stay only, for it covered matters relating to a possible future trial, which could only be had after a determination of the appeal in defendants' favor. The stipulation was exacted because, in answer to defendants' motion for a stay, the plaintiff set up that he desired to convey the premises to one Stemme. Upon the stipulation having been given, the plaintiff did convey to Mr. Stemme, and the plaintiff and Mr. Stemme thereupon joined in the execution of a deed to the defendants, which was delivered in escrow to the clerk of this court May 14, 1890, and is still so held by him. The court having had the power to exact these stipulations, it was the duty of the defendants, if they felt aggrieved by the orders exacting them, to appeal from the said orders, or to promptly move to set them aside. They took no such steps, but took the benefit which accrued to them from a compliance with the orders. The judgment entered in February, 1890, was finally reversed by the court of appeals (second division, 30 N. E. Rep. 985) upon a single question of evidence, and the order on the remittitur was entered May 6, 1892. The cause was then placed on the calendar for a new trial, and it was not until March 30, 1893, that the defendants moved to be relieved from these stipulations in order to be enabled to institute condemnation proceedings.

Upon all the facts as they appear, and the principle of the decisions of Townsend v. Masterson Co., 15 N. Y. 587; People v.

Stephens, 52 N. Y. 306; In re New York, L. & W. R. Co., 98 N. Y. 447; and Corporation v. Cooper, 114 N. Y. 388, 21 N. E. Rep. 994,— the defendants should be held to their stipulations. At this late day it would clearly be inequitable to relieve them. The commencement of the action in December, 1888, was notice to them that the plaintiff made a claim for substantial compensation. From that time, up to the time they elected to stipulate not to institute condemnation proceedings, they were at liberty to institute such proceedings, and had ample time to prosecute them to a close; but they saw fit to do nothing in that direction, and to confine themselves to the use of their resources in obstructing plaintiff's progress towards the enforcement of his rights. Moreover, the plaintiff has conveyed upon the faith of one of the stipulations. If the defendants were now relieved as they request, they would in all probability at once turn around and endeavor to so shape the controversy as to be able to claim that the plaintiff has no longer an equitable cause of action; that he should be turned out of court in the present suit, and compelled to bring an action at law for damages; and that the purchaser has no standing unless he brought a new action; and, if successful in such efforts, no condemnation proceedings would perhaps be brought until towards the close of the controversy with the purchaser. A court of equity which already has complete jurisdiction over the whole controversy should not lend its aid to a prolongation of the litigation in the manner pointed out. On the other hand, the conclusion reached involves no hardship to the defendants, for their rights, inclusive of every possible right arising out of the conveyance of the property by the plaintiff, can and will be fully protected by this court in the final determination of the present litigation. The order appealed from should be affirmed, with $10 costs and disbursements.