---

(No. 13911.—Reversed and remanded.)
FRED BAKER, Plaintiff in Error, *vs.* MAURICE L. PUFFER *et al.* Defendants in Error.

*Opinion filed October 22, 1921.*

1. SPECIFIC PERFORMANCE—*when purchaser is entitled to partial performance of agreement to convey lot—damages.* Where the written contract for the conveyance of a village lot describes its area as 75 by 298 feet but the area is, in fact, 75 feet by about 280 feet, the purchaser may elect to take a conveyance of the lot as it exists and is entitled to an allowance of damages for the deficiency in area, but he is not entitled, in a court of equity, to damages for rent he has paid out because of the refusal of the vendors to perform their contract.

2. SAME—*when description of property to be conveyed is sufficient.* In a contract of sale a description of the property as "the Puffer home, at No. 75 South Main street, with lot 75 by 298 feet, and the improvements thereon, in the village of Downer's Grove," etc., is sufficient even though the frontage described embraces lots 73, 75 and 77 and though the depth of the property is about 20 feet less than the description given.

3. SAME—*general rule as to right of purchaser to demand part performance.* A conveyance of a partial interest cannot be forced upon a purchaser, but if he enters into the contract in ignorance of the vendor's incapacity to perform the contract in full he is gen-

erally entitled to have the contract specifically performed as far as the vendor is able and to have an abatement out of the purchase money for any deficiency, such as an incumbrance or a slight defect in quantity or quality of the estate from any cause not involving bad faith.

4. SAME—*when purchaser's failure to specify objections to abstract within required time is waived.* Although time is stated to be of 'the essence of a contract for a conveyance, the purchaser's failure to make known his objections to the abstract of title within the time fixed by the contract is waived by the vendors where they continue negotiations for the sale after the objections are specified.

WRIT OF ERROR to the Circuit Court of DuPage county; the Hon. MAZZINI SLUSSER, Judge, presiding.

SAMUEL G. HAMBLEN, for plaintiff in error.

BUNGE, HARBOUR & SCHMIDT, (GUSTAV H. BUNGE, of counsel,) for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Fred Baker, plaintiff in error, filed his bill in the circuit court of DuPage county November 1, 1920, against Maurice L. Puffer, Allene L. Puffer and Victor Fredenhagen, defendants in error, to compel the specific performance of a written contract to convey a certain house and lot in Downers Grove, in said county, and for the determination and allowance to complainant of a just and reasonable amount of rebate or reduction of the purchase price, as the defendants the Puffers were unable to convey all the area of lots agreed by them to be conveyed, and for damages for failure to deliver possession as agreed and for expense incurred by complainant. Two of the defendants, the Puffers, filed their general and special demurrers, which were sustained by the court. The other defendant filed an answer in the nature of a disclaimer, stating that he was willing to deposit the $300 earnest money which was placed in his hands by the purchaser for the vendors on comple-

tion of the contract, for disposition by the court as equity might require, and disclaimed any other interest in the suit. Plaintiff in error elected to stand by his bill, and the court entered a decree dismissing the bill for want of equity. The record is brought to this court for review on error.

Among the facts admitted by the demurrer are the following: On September 7, 1920, the Puffers, being owners as joint tenants and possessed of the property in question, entered into the following written agreement with plaintiff in error for the sale of the same, which was signed by the Puffers and by plaintiff in error, to-wit:

"M. L. Puffer and Allene L. Puffer, his wife, joint tenants, hereby agree to sell and F. Baker agrees to purchase at the price of fifty-seven hundred dollars ($5700) the following described real estate, situated in DuPage county, Illinois: The Puffer home, at No. 75 South Main street, with lot 75x298 feet, and the improvements thereon, in the village of Downers Grove, sections 7 and 8 in township 38, north, range 11, east of the third principal meridian, subject to (1) existing leases expiring November 1, 1920, when possession will be given; (2) all taxes and assessments levied after the year 1919. Said purchaser has paid three hundred dollars ($300) as earnest money, to be applied on said purchase when consummated, and agrees to pay, within fourteen days after the title has been examined and found good, the further sum of twenty-seven hundred ($2700) dollars at the office of V. Fredenhagen, 15 South Main street, Downers Grove, Illinois, provided a good and sufficient warranty deed conveying to said purchaser a good title to the said premises (subject as aforesaid) shall then be ready for delivery, the balance to be paid as follows: Twenty-seven hundred dollars ($2700) September 7, 1921, with interest at the rate of six per cent per annum, payable semi-annually, to be secured by notes and mortgage or trust deed of even date herewith on said premises, in the form ordinarily used by the First National Bank. A complete

abstract of title or merchantable copy to be furnished within a reasonable time, with a continuation thereof brought down to this date. In case the title, upon examination, is found materially defective within ten days after said abstract is furnished, then, unless the material defects be cured within sixty days after written notice thereof, the said earnest money shall be refunded and this contract become inoperative. Should said purchaser fail to perform this contract promptly on his part at the time and in the manner herein specified, the earnest money paid as above shall, at the option of the vendor, be forfeited as liquidated damages, including commissions payable by vendor, and this contract shall be and become null and void. Time is the essence of this contract and of all the conditions thereof. This contract and earnest money shall be held by V. Fredenhagen for the mutual benefit of the parties hereto."

The further facts admitted in the bill are, that plaintiff in error paid the $300 earnest money as agreed; that an abstract of title was delivered to him and that he immediately sent it to an abstracter in said county and had the same continued, the certificate of the abstracter being dated October 6, 1920; that immediately upon the receipt of the abstract so continued he delivered it to Samuel G. Hamblen, his attorney, for examination, who returned it to him October 19, 1920, with an opinion of title showing the defects in the same, which defects were, in substance, that the property was described by metes and bounds but not in the language describing it in the written contract; that it would require a survey or a certificate of a surveyor to identify the property and size of the lot; also certain defects were pointed out in the abstract as to the release or satisfaction of a certain trust deed and mortgage; and that the abstract did not show whether or not there are any judgments in the Federal courts that are liens on the property, and whether or not the property is subject to claims for liens or special assessments not yet confirmed, and whether or

not the taxes are paid. The opinion was also accompanied by an affidavit, with a recommendation that the Puffers sign and swear to the same to clear up some of the deficiencies in the abstract; also that he delivered the opinion and affidavit to the Puffers and informed them that upon their satisfying him that the description in the abstract was correct, and execute the affidavit satisfying him that the notes and trust deed had been canceled, he would perform the contract on his part; that the Puffers refused to execute the affidavit or satisfy him as to the other facts concerning the title; that thereafter he received from a surveyor employed by the Puffers a certificate showing that the description of the property in the abstract made by the surveyor was correct, and showing that the north line running easterly was 277.2 feet long and that the south line running easterly from Main street was 279.4 feet; that he then informed the Puffers that he was ready, able and willing to close the deal and pay the money he was to pay by his contract and to comply with all other provisions thereof upon their making him a proper allowance or rebate for the deficiency in the area of the property, and demanded of them a conveyance of the property upon said proposed terms. The bill alleges that he has been out $7 for continuing the abstract, and that it has been and will be necessary for him to rent other property and pay rent for the same by reason of the Puffers' refusal to comply with their contract; that the $300 earnest money advanced by him was placed in the hands of Fredenhagen as agent of the Puffers and that it is still in his hands.

The bill states a good cause of action for specific performance and the court erred in sustaining the demurrer to the same. Plaintiff in error was not entitled in a court of equity to damages for rent paid for other premises that he might occupy or had occupied by reason of the refusal of the Puffers to perform their contract, but he was entitled to specific performance of the contract with an allowance

to him for the part of the lot or area thereof that they had contracted to convey to plaintiff in error and could not convey because they had no title to the same. The description of the property that they had agreed to convey, omitting all that is surplusage, is the following: "The Puffer home, at No. 75 South Main street, with lot 75x298 feet, and the improvements thereon, in the village of Downers Grove." This is not such an indefinite or vague description of the property as cannot be understood and located, as claimed by defendants in error. The clear meaning and intent of this description is that it is the home of the Puffers, and the improvements thereon and the lot on which it is located, which is represented or described to be 75x298 feet and located at No. 75 South Main street. It is admitted in the argument of the defendants in error that the Puffer home is located at 75 South Main street, in the village of Downers Grove, although it is said that the property, fully described, is located at Nos. 73, 75 and 77 South Main street, Downers Grove. But the property is sufficiently designated by the use of only the middle number, in connection with the other part of the description. (*Szulerecki* v. *Oppenheimer, ante,* p. 68.) The property would have been sufficiently and definitely described if the number had been omitted altogether, as it would have stated definitely everything that was to be conveyed, to-wit, the Puffer home, at South Main street, with lot 75x298 feet, and the improvements thereon, in the village of Downers Grove. Any description of property is sufficiently definite which describes property by name or location so it may be located by a surveyor by the aid of information from other parties who know the location of the property by the description given. In this particular instance not only the name and the location of the property are given, but its width on Main street and its length east and west are also given.

In cases for specific performance the rule is that a partial interest cannot be enforced upon the purchaser, but if

he entered into the contract in ignorance of the vendor's incapacity to give him the whole he is generally entitled to have the contract specifically performed so far as the vendor is able, and to have an abatement out of the purchase money for any deficiency in title, quantity or quality of the estate. This rule applies in all cases where there is an incumbrance or a slight defect in quantity of area or a small defect in quality of the land contracted to be sold from any cause not involving bad faith, or in case where the vendor holds an aliquot part of the land agreed to be conveyed and has contracted to convey the whole. (36 Cyc. 738-742.) This court and other courts of this country have followed uniformly this rule. *McConnell* v. *Brillhart,* 17 Ill. 354; *Lombard* v. *Chicago Sinai Congregation,* 64 id. 477; *Towner* v. *Tickner,* 112 id. 217; *Hunt* v. *Smith,* 139 id. 296; *Lancaster* v. *Roberts,* 144 id. 213; *Kuhn* v. *Eppstein,* 219 id. 154; *Moore* v. *Gariglietti,* 228 id. 143; *Seegar* v. *Smith,* 78 Ga. 616; *VanBlarcom* v. *Hopkins,* 63 N. J. Eq. 466; *Farris* v. *Hughes,* 89 Va. 930; *Crockett* v. *Gray,* 31 Kan. 346.

Defendants in error make the point that the bill is insufficient to obtain the relief asked because the contract made time of the essence of the contract, and that plaintiff in error was in default because he did not make known his objections to the title within the time required after he had received the abstract, and that the bill so showed. This point is sufficiently answered by the further fact that after he made his objections to the title to defendants in error they continued the negotiations for the sale of the land, procuring the surveyor's certificate, etc., and thereafter agreed to convey the part of the lot that the certificate showed they had. They thus waived their claim that plaintiff in error is in default, if it be conceded that he was so in default. (36 Cyc. 717.)

We have considered all of the points raised by the defendants in error and are of the opinion that the arguments and the cases cited are not applicable to the case in hand.

It is the rule in this State and is recognized by the courts generally, that where the vendor has absolutely no title to the land he agrees to convey, or to such an indefinite or small part thereof that specific performance would mean performance of a different contract than the one made, the complainant will not be entitled to specific performance. But no such case is presented by this record. The lot attempted to be conveyed in this case was 75 feet by less than 280 feet, and as represented and described by defendants in error's contract it was 75x298 feet. The authorities cited clearly lay down the rule for ascertaining the amount of rebate in the purchase price to which plaintiff in error will be entitled, and further comment is unnecessary.

The decree of the circuit court is reversed and the cause is remanded, with directions to overrule the demurrer to the bill and for further consideration.

*Reversed and remanded.*