### GREENSPAHN v. JOSEPH E. SEAGRAM & SONS, Inc.

Nos. 8-100, Dockets 21539-21812.

United States Court of Appeals Second Circuit.

Argued Dec. 7, 1950.

Decided Jan. 22, 1951.

618

White & Case, New York City, Thomas Kiernan and James McCarron, New York City, of counsel, for appellant.

Lorenz, Finn & Lorenz, New York City, Joseph Lorenz, New York City, of counsel, for appellee.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The present litigation is the outgrowth of a suit for specific performance of contracts by Seagram & Sons, Inc. to sell to Greenspahn's assignor a large quantity of "Kentucky whiskey" to be produced during the months from January to June 1947. Federal jurisdiction of the suit rested on diverse citizenship of the parties. In that suit the court construed the contracts to call for "Seagram" whiskey and, as the defendant's answer admitted that it had on hand sufficient whiskey of its own distillation to perform the contracts, the plaintiff was awarded a decree of specific performance.[1] From that decree, entered August 10, 1949, the defendant took an appeal. On January 6, 1950, while the appeal was pending, the plaintiff and the defendant, together with several of Greenspahn's relatives who had obtained a judgment against the defendant in a separate litigation in Illinois, joined in a stipulation to settle both suits. By the terms of the settlement agreement the defendant promised to perform the decree obtained by Greenspahn and to withdraw its appeal from said decree, and the Illinois plaintiffs agreed to accept in settlement of their judgment a much smaller sum than the amount thereof. After the stipulation had been signed the defendant discovered later on the same day that its own records showed that it did not have sufficient whiskey of its own distillation to enable it to perform the Greenspahn decree. The attorneys for the respective parties were notified of this discovery. Shortly thereafter the settlement with the Illinois plaintiffs was carried out, but the defendant has refused to withdraw its appeal in the Greenspahn case. With the leave of this court, on February 24, 1950 the defendant made a motion in the district court, under Rule 60(b) of the Federal Rules of Civil Procedure,[2] to relieve it from the stipulation of settlement, to vacate the decree of August 10, 1949, to permit its answer to be amended and to hold a further hearing in said suit. After testimony was taken Judge Abruzzo denied the defendant's motion by order dated September 5, 1950. The present appeal is from that order.

Before the defendant's motion was decided, the plaintiff moved in this court for dismissal of the defendant's appeal from the decree of August 10, 1949. We denied the motion with leave to renew it later. It has been renewed and is now before us for decision, together with the appeal from the order refusing to open the decree.

The first question concerns our appellate jurisdiction. That denial of a motion under Rule 60(b) to vacate a judgment is an appealable order was assumed without discussion in Ackerman v. United States, 340

---

1. The decree required the defendant to perform the contracts by delivering to the plaintiff warehouse receipts for the required amount of Bourbon whiskey distilled in defendant's own Kentucky distilleries during the months from January to June 1947 against payment by the plaintiff to the defendant of 93 cents per original proof gallon.

2. 28 U.S.C.A.

U.S. 193, 71 S.Ct. 209.[3] It was expressly so held in Cromelin v. Markwalter, 5 Cir., 181 F.2d 948. A long line of cases might be cited in which it has been said that an order overruling a motion to open a decree and grant a rehearing "rests in the sound discretion of the court below, and no appeal will lie from it."[4] But the rule has always been subject to not too clearly defined exceptions, sometimes characterized as an abuse of discretion.[5] Whether review of an order denying a motion under Rule 60(b) is similarly limited is of no moment in the present case, for we see no abuse of discretion in Judge Abruzzo's denial of the motion; consequently whether the appeal therefrom be dismissed or the order be affirmed is a purely formal distinction. But we are willing to go further and state our belief that the order is appealable as fully as any other final order. Rule 60(b) expressly provides that a motion made thereunder "does not affect the finality of a judgment or suspend its operation." An order denying such a motion puts an end to any further action by the district court and leaves the judgment in full force and effect. We think it is a final order and therefore appealable. So the Ackerman and Klaprott cases, supra, impliedly hold and so the Fifth Circuit expressly ruled in the Cromelin case, supra.

■ The motion to open the decree of August 10, 1949 is grounded on allegations that performance of the decree is impossible because the defendant does not have, and has never had, whiskey of the kind which the decree directs it to deliver, and that this fact was not discovered by the defendant until January 6, 1950. Rule 60(b) permits a party to be relieved from a judgment for the following reasons: "(1) mistake, inad-

vertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); * * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." The plaintiff's suit was started in March 1947. The defendant's answer admitting possession of whiskey called for under the court's construction of the contracts was filed on August 1, 1947. On that date and at all subsequent times the defendant's books showed the true facts about the whiskey. The slightest investigation would have disclosed them to the defendant's officer in charge of the litigation. If the motion be viewed as based on reason (2), newly discovered evidence, it is obvious that the condition of due diligence was not met.

■ If it be viewed as based on reason (1), mistake, it appears that the mistake, if any, was only that of the defendant's officer in charge of the litigation.[6] Because of the discretionary character of the remedy of specific performance, a unilateral mistake by the defendant will sometimes be ground for denying the plaintiff a decree for specific performance; but if the defendant was guilty of gross carelessness in making the mistake, his negligence will dispose the court not to exercise its discretion in his favor.[7] In the case at bar production records were kept both in Kentucky and in the New York office; all that Mr. Friel had to do to discover the "mistake" was to call in Mr. Desmond, the employee who maintains the office records of the products dis-

3. See also Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, as modified, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099.

4. So stated in Wylie v. Coxe, 14 How. 1, 2, 55 U.S. 1, 2, 14 L.Ed. 301.

5. See Fairmount Glass Works Co. v. Cub Fork Coal Co., 287 U.S. 474, 481–485, 53 S.Ct. 252, 77 L.Ed. 439; Gillette Safety Razor Co. v. Triangle M. Lab. Corp., 2

Cir., 87 F.2d 699, 702; Clement v. Wilson, 2 Cir., 135 F. 749.

6. Judge Abruzzo's opinion states: "It is certain that a cursory investigation would have led to the discovery of the facts now claimed to have been first ascertained in January 1950. A lapse of three years before the discovery of such facts strains one's credulity."

7. 5 Williston, Contracts, Rev. ed. § 1427, and cases there cited.

tilled by the defendant at its various distilleries; this he could have done at any time after the dispute with the plaintiff arose as readily as on January 6, 1950, when he did so. Mr. Friel was grossly careless for nearly three years. Negligent ignorance frequently has the same effect in law as actual knowledge.[8] Moreover we think the defendant was chargeable with constructive notice of what the bookkeeper who kept the production records knew.[9] Under these circumstances no equitable considerations favor the defendant. There was no abuse of discretion by Judge Abruzzo in refusing to set aside the decree on the ground of "mistake."

■■■■ Finally, if the motion be viewed as based on reason (6), "any other reason justifying relief," the judge was "not convinced in the slightest that the defendant could not perform if it so desired." The evidence presented at the hearing on the motion showed that the defendant had distilled only 33,000 gallons of Kentucky whiskey in the early months of 1947; it also showed that subsidiaries of the defendant manufactured between February and June 1947, inclusive, approximately 2,000,000 gallons of Bourbon whiskey and that this whiskey was interchangeable with "Seagram" whiskey and was in fact used interchangeably by the defendant and its subsidiaries. The plaintiff is willing to accept the whiskey manufactured by the subsidiaries as being in compliance with the decree. Judge Abruzzo's opinion states that their whiskey is "more than sufficient to meet the requirements directed in the judgment." The defendant objects that to require delivery to the plaintiff of the subsidiaries' whiskey would amount to enforcing a contract which the parties never made.

It is far from clear to us that this is so. Had all the facts brought out upon the motion appeared at the trial, it seems quite likely that the court might properly have ruled that the contracts could be performed by delivering Kentucky whiskey distilled either by the defendant or by its subsidiaries. The performance required by a decree need not always be identical with that promised in the contract. The decree may be fashioned in such terms as justice required.[10] Thus, for example, where a vendor of land cannot exactly perform, the vendee may compel him to convey what he has with some adjustment of the price.[11] Moreover, if some modification of the decree should be necessary to compel delivery of whiskey distilled by the subsidiaries it might well be that the plaintiff could achieve this result by a timely motion under Rule 60(b), for there has been no lack of diligence on the plaintiff's part in discovering the new evidence. But none of these questions seems to us appropriate for decision at the present time. The plaintiff desires to hold the decree as it is. The defendant desires to open it but has failed to convince the district court that any reason exists "justifying relief from the operation of the judgment." We are also unconvinced.

■■■■ The order on appeal also refused to vacate the settlement agreement of January 6, 1950. This part of the defendant's motion does not depend upon Rule 60(b) and somewhat different considerations apply to the refusal to grant it. To obtain relief from a stipulation the moving party must show that unless relieved he will suffer a substantial injustice and that the other parties to the stipulation can be restored to the same position they would have had if no agreement had been made.[12] We

8. See Lowndes v. City National Bank, 82 Conn. 8, 16, 72 A. 150, 22 L.R.A.,N.S., 408; Fishkill Savings Institution v. National Bank, 80 N.Y. 162, 168–169; Fidelity & Deposit Co. v. Queens Co. Trust Co., 226 N.Y. 225, 233, 123 N.E. 370.

9. See Hale v. Windsor Savings Bank, 90 Vt. 487, 494, 98 A. 993; Equitable Trust Co. v. Columbia National Bank, 145 S.C. 91, 126, 142 S.E. 811.

10. Restatement of Contracts, § 359(2).

11. 5 Williston, Contracts, Rev. ed. § 1436; World Exhibit Corp. v. City Bank Farmers Trust Co., 270 App.Div. 654, 61 N.Y. S.2d 889, affirmed 296 N.Y. 586, 68 N.E. 2d 876; Feldman v. Lisansky, 239 N.Y. 81, 145 N.E. 746; Baker v. Puffer, 299 Ill. 486, 132 N.E. 429; Moore v. Gariglietti, 228 Ill. 143, 81 N.E. 826.

12. See McNeill v. Town of Andes, C.C.N. D.N.Y., 40 F. 45, 46; Johnson v. Wright,

see no substantial injustice to the defendant in leaving the settlement stipulation in effect. If the plaintiff attempts to enforce the decree by contempt proceedings the defendant will have an opportunity to set up its alleged defense of impossibility of performance and to litigate that issue in those proceedings. On the other hand, if the stipulation were vacated as to the plaintiff, he would not be restored to his former position. The order of vacation could not vacate the settlement made by the Illinois plaintiffs, as they are not parties to this proceeding. Hence Greenspahn would find himself in a much less advantageous position to negotiate for a settlement than he was in before the stipulation was signed. We think Judge Abruzzo was right in refusing to vacate the stipulation, as well as in refusing to open the decree. Accordingly the order on appeal is affirmed.

If, as we have held for the foregoing reasons, the stipulation is not to be vacated, then the plaintiff's motion to dismiss the defendant's appeal from the decree of August 10, 1949 should be granted. It is so ordered.

19 Ga. 509, 512; Hine v. New York El. R. Co., 3 Misc., N.Y., 462, 465, 23 N.Y. S. 187; 161 A.L.R. 1192. Cf. People v. Stephens, 52 N.Y. 306; Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N.Y. 435, 160 N.E. 778; 1 Williston, Contracts, Rev. ed. § 204A.