**N. P. RYCHLIK, individually and on behalf of and as representative of other employees of the Pennsylvania Railroad, Plaintiffs,**

v.

**BROTHERHOOD OF RAILROAD TRAINMEN, an unincorporated association, Intervening Defendant,**
and
**Pennsylvania Railroad Company, Defendant.**

Civ. No. 6494.

United States District Court,
W. D. New York.

March 29, 1955.

 

Meyer Fix, Rochester, N. Y., for plaintiffs.

Harold J. Tillou, Buffalo, N. Y., for intervening defendant, Brotherhood of Railroad Trainmen.

Adams, Smith, Brown & Starret, Buffalo, N. Y., for defendant, Pennsylvania R. Co.

KNIGHT, Chief Judge.

The Court on the second day of March, 1955, entered its judgment denying a restraining order as demanded by the plaintiff in his complaint, and dismissed the complaint in accordance with its Opinion, heretofore rendered on February 23, 1955, 128 F.Supp. 449.

The plaintiff has now moved the Court under Rule 60(b); Rules of Federal Procedure, 28 U.S.C.A. to reconsider its judgment dismissing the plaintiff's complaint and to file an amended complaint. The grounds for said motion are alleged to be based on a mistake, inadvertence, surprise, or excusable neglect. In support of said motion the plaintiff has filed a statement of the attorney for the plaintiff reviewing the proceedings heretofore had and alleging that one of the members of the System Board of Adjustment, U. D. Hartman, was biased and had prejudged the dispute then pending before the Board relative to the plaintiff Rychlik.

The defendant, Pennsylvania Railroad, in appearing in opposition to said motion has submitted an affidavit of W. E. Conrad, the secretary of the Pennsylvania-Baltimore and Eastern Railroad-Brotherhood of Railroad Trainmen-System Board of Adjustment. Said affidavit sets forth the proceedings before the System Board on August 23, 1954, and particularly the case of the plaintiff, N. P. Rychlik. The affidavit, paragraph "11" states:

> "That on August 23, 1954, the System Board met for hearings in the postponed cases, including the case of N. P. Rychlik; and that the members of the Board at this hearing were H. F. Sites and S. G. Gail-

ey, for the Brotherhood, and B. O. Wilson and H. Kendall for the railroad."

Paragraph "12" of said affidavit states:

"That on December 13, 1954, at a meeting of the System Board, decisions were adopted in the cases in which hearings were held on August 23, 1954; and that the members of the Board who were present at this meeting and participated in the decisions were H. F. Sites and S. G. Gailey, representing the Brotherhood, and B. O. Wilson and H. Kendall, representing the railroad."

The granting or denial of a motion under Section 60(b) of the Rules of Civil Procedure is discretionary with the Court. Greenspahn v. Joseph E. Seagram & Sons, 2 Cir., 186 F.2d 616. The main basis upon which the plaintiff relies in his application is an unsworn statement by the plaintiff's attorney that U. D. Hartman, a member of the Systems Board was biased in the action taken before the Board in the plaintiff's case. The sworn statement of the secretary of that Board, W. E. Conrad, set forth that Hartman did not sit in judgment on Rychlik's case.

There has been no new matter brought before the Court that would alter its prior decision, and as stated in its decision in this matter [128 F.Supp. 454], "judicial inquiry is at an end once it is determined (1) That the Board's procedure and the award conform substantially to the Statute and Agreement; (2) That the award confined itself to the letter of submission; and (3) That the award was not arrived at by fraud or corruption. Farris v. Alaska Airlines, D.C., 113 F.Supp. 907; Moore v. Illinois Central R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089."

■ The relief from a judgment under Rule 60(b) of the Rules of Civil Procedure must be made for one of the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), or for any other reason justifying relief from the judgment. See Greenspahn v. Joseph E. Seagram & Sons, supra. The plaintiff has not brought himself within any of said reasons.

■ The Court is also mindful of the fact that since its decision in Pigott Co., 116 F.Supp. 949, affirmed by the Sixth Circuit, 221 F.2d 736, in which said case many of the contentions advanced by the plaintiff in the instant case were ruled upon by that Court.

For the reasons stated herein, the plaintiff's motion is denied.