**Stephen WEINREICH, Plaintiff,**

v.

**Richard SANDHAUS, a/k/a Dick Sandhaus and Science Faction Corporation and Dick Sandhaus Productions, Inc., Defendants.**

No. 83 Civ. 3966 (RWS).

United States District Court, S.D. New York.

June 30, 1994.

Daniel Martin, Trenton, NJ, for plaintiff.

Gerald M. Kleinbaum, New York City, for defendants.

## OPINION

SWEET, District Judge.

Plaintiff Stephen Weinreich ("Weinreich") and defendants Richard Sandhaus ("Sandhaus"), Science Faction Corporation ("SFC") and Dick Sandhaus Productions, Inc. ("DSPI") (collectively the "Defendants") have brought various motions concerning the April 28, 1994 Opinion (the "Opinion") which set forth this Court's findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a). For the reasons that follow, the Opinion is amended. In all other respects, the parties' motions are denied. Judgment shall be entered on the complaint in the amount of $89,824.57 with interest and costs.

### Prior Proceedings

This action was tried before the Court for ten days, from January 5 to January 18, 1994. Thereafter, the parties made further submissions, concluding on April 22, 1994. The Opinion of April 28, 1994 followed, 850 F.Supp. 1169. Familiarity with this Opinion and all prior proceedings is presumed.

On June 15, 1994, the Court heard oral argument on the parties' various motions, at which time they were deemed fully submitted.

### I. *Plaintiff's Motion to Amend Findings of Fact, Conclusions of Law and Judgment*

Plaintiff has moved pursuant to Fed.R.Civ.P. 52(b) to amend the findings of fact, conclusions of law and judgment. Although the Opinion did contain findings of fact and conclusions of law, it was not a judgment. While plaintiff's motion is premature, it nonetheless may be considered. *See* 9 Wright & Miller, *Federal Practice and Procedure*, § 2582. However, Fed.R.Civ.P. 52(b) does not permit a "party who failed to prove his strongest case ... a second opportunity by moving to amend...." *Id.*

Weinreich contends that the evidence established additional uses of the 2000 Systems after the summer of 1982, relying upon exhibits that indicate that for certain shows after this time the 2000 Systems were used, while for other shows the 360 Systems were used. *Compare* Exs. 41 and 42 ("SFC Model" designation). For many of these shows, there were corresponding contracts that indicated the amount the Defendants received. However, for other shows no such contracts were introduced into evidence. For these latter shows, the plaintiff has only estimated the amount the Defendants received and therefore has failed to carry his burden of establishing the amount of damages.

However, contracts were introduced that indicated that the Defendants received a specific amount for uses of the 2000 systems: the February 1984 show in Lafayette, Pennsylvania for $3,500.00; the May 1984 show in Chicago for $5,700.00; the June 1984 show at the Hoosier Dome for $11,000.00; the June 1984 show at Georgia World Congress Center for $18,000.00; the June 1986 show at the Grand Hyatt in New York for $9,350.00; the September 1986 show at the Bayfront Convention Center for $14,000.00; the November

1986 show at Kaufmann's for $15,000.00; the October 1986 show at the Palladium for $6,000.00; the November 1986 show at Smith Haven Mall for $16,200.00; the November 1986 show in Las Vegas for $18,000.00; and the December 1986 show in Pittsburgh for $19,800.00.[1]

The total income for these shows is $136,550.00 and seventy-five percent of that total, $102,412.50, equals the net profit. One-third of the net profit is $34,137.50. Pursuant to N.Y.Civ.Prac.L. & R. § 5001(a) & (b) & 5004 (McKinney 1992) ("CPLR"), plaintiff is entitled to interest at nine percent. The interest is to be computed when the damages were incurred, "or upon all of the damages from a single reasonable date." CPLR § 5001(b). For the 1984 to 1986 period, an appropriate date for the interest to begin to be computed is August 1, 1986.

Weinreich also attacks the failure of the Opinion to draw an adverse inference against the Defendants for not retaining pre-June 1982 backup documentation concerning the ledger entries, even though this action was not commenced until 1983. This documentation was discarded when the Defendants moved offices in May 1981, and for the following year the Defendants had inadequate record keeping procedures. No additional evidence is cited to alter the finding in the Opinion that the plaintiff failed to establish that the Defendants destroyed these documents for the purpose of preventing their use in this or any other litigation. Nor is evidence proffered to establish that such backup documentation would not have supported the ledger entries, or the schedule of allocations by product.

Weinreich's remaining contentions have been considered and are hereby denied.

## II. Defendants' Motion to Amend to Correct Arithmetical Error

■ Defendants' move pursuant to Fed. R.Civ.P. 52, 59 and 60 to correct an error that the Defendants made in 1990. One of the Defendants' employees allegedly failed to calculate certain figures correctly concerning income for the 2000 Systems, and Sandhaus did not check these calculations before submitting them to the plaintiff and the Court.

The Defendants' motion is denied on several grounds. To begin with, the Defendants failed to comply with Rule 3 of the Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York. Rule 3 provides:

> Upon any motion, the moving party shall serve and file with the motion papers a memorandum setting forth the points and authorities relied upon in support of the motion ... Failure to comply may be deemed sufficient cause for the denial of the motion....

This case has been pending for more than eleven years. Failing to comply with the local rules at this stage in the litigation is inexcusable. Accordingly, the Defendants' motion is denied.[2]

Defendants have moved under Fed. R.Civ.P. 60(b), which provides in pertinent part that: "the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment."

■ The Second Circuit has ruled that it will not excuse a party under Fed.R.Civ.P. 60(b)(1) whose gross negligence caused the mistake from which relief is sought. See Greenspahn v. Joseph E. Seagram & Sons, 186 F.2d 616, 619–20 (2d Cir.1951). In Greenspahn, the defendant's agent did not discover a mistake until shortly after the parties had settled their case by stipulation. The Second Circuit affirmed the trial court's denial of the defendant's motion to relieve it

---

1. Contracts for the following shows indicated that a 360 system was used: the June, 1986 show at the Empire State Center; the June, 1986 show at the Artpark Theater; the July, 1986 show in Indianapolis; and the September, 1986 show at Battery Park in New York. Recovery will not be permitted for these shows.

2. To the extent that the Defendants' seek to use their memorandum of law filed in connection with their second motion, see infra section IV, as a memorandum for the instant motion, their request is denied since the memorandum is untimely.

from the stipulation, and noted that the agent could have easily determined the mistake at issue three years before he discovered it. *Id. See also United States v. RG & B Contractors, Inc.,* 21 F.3d 952, 956 (9th Cir. 1994) (plaintiff who discovered favorable evidence subsequent to court's decision is not entitled to relief under 60(b)(1)). Likewise, in the instant case, Sandhaus had numerous opportunities to discover this mistake. Accordingly, Sandhaus' gross negligence does not warrant relief pursuant to Fed.R.Civ.P. 60(b)(1). Nor does Sandhaus' error rise to the extraordinary circumstances required to invoke Fed.R.Civ.P. 60(b)(6). *See RG & B Contractors,* 21 F.3d at 956 (citing *Ackermann v. United States,* 340 U.S. 193, 203, 71 S.Ct. 209, 214, 95 L.Ed. 207 (1950)).

■ Defendants are also not entitled to relief pursuant to Fed.R.Civ.P. 60(a), which provides in pertinent part: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court...." Sandhaus prepared, or supervised the preparation of, the allegedly incorrect income figure in September 1990. Thereafter, these figures were relied on in various pretrial submissions to the Court. Sandhaus also testified at trial as to the veracity of the allegedly incorrect figure. Moreover, plaintiff relied on this figure in his post-trial submission. At no time during this three and a half year period did Sandhaus bother to recheck this income figure. Sandhaus now claims that he first became aware of the incorrect computation when he read the opinion and realized that Weinreich had relied on the figure. Yet Weinreich had relied on this figure—at the latest—in his first post-trial submission. Defendants' motion, made at the thirteenth hour, is accordingly denied on these alternative grounds.[3]

### III. *Plaintiff's Motion for Sanctions*

Plaintiff moves for sanctions against both Sandhaus and his attorney pursuant to Fed.

R.Civ.P. 11 and 37, 28 U.S.C. § 1927 and the inherent power of the Court.

■ While plaintiff cites to the old Rule 11, he fails to note that an amended version became effective December 1, 1993. The new version applies, where practical, to civil cases pending at the time of the amendment. *See Knipe v. Skinner,* 19 F.3d 72, 78 (2d Cir.1994). Since it is not impractical, the amended Rule 11 will be applied to the instant motion.

■ Rule 11 sanctions "should be imposed with caution." *Id.* (citations omitted). Under the amended rule, the imposition of sanctions are discretionary rather than mandatory. *Id.* Moreover, the rule is not a fee-shifting mechanism which automatically requires an award after a party loses its case. Rather, courts "must strive to avoid the wisdom of hindsight ... and any and all doubts must be resolved in favor" of the party that signed the allegedly sanctionable document. *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985).

■ A Rule 11 motion "shall not be filed with or presented to the court unless, within 21 days after service of the motion ... the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed.R.Civ.P. 11(c)(2)(A). In the instant case, the plaintiff failed to follow this procedure. Accordingly, the motion is denied.[4]

■ Furthermore, the great majority of the sanctionable conduct alleged in plaintiff's motion occurred between three and six years ago. The plaintiff's motion is consequently untimely, and is thus denied on this alternative ground. *See, e.g.,* 5A Wright & Miller, *Federal Practice and Procedure,* § 1337 ("Rule 11 motions should be made promptly after the challenged conduct takes place. If the alleged misconduct occurs during pretrial or discovery, the matter usually should be

---

**3.** To the extent that the motion is based on Fed. R.Civ.P. 52 or 59, the Defendants' arguments have been considered and are hereby denied.

**4.** Plaintiff's contention that his 1989 sanctions motion, which was subsequently withdrawn, is

sufficient for purposes of the safe harbor provision of Fed.R.Civ.P. 11(c)(1)(A) is disingenuous, given that said provision did not become effective until 1993.

resolved at once, in order to ... discourage further abuses."); *see also General Motors Acceptance Corp. v. Bates,* 954 F.2d 1081, 1085 (5th Cir.1992) (thirty-three month delay in filing requires rejection of sanction motion).

The plaintiff's remaining contentions in the instant motion have been considered, and are hereby denied.

### IV. *Defendants' Second Motion to Amend Findings of Fact and Conclusions of Law*

Defendants' move to amend the findings of fact and conclusions of law pursuant to Fed. R.Civ.P. 52, 59 and 60 on a variety of issues.

■ Defendants seek to introduce evidence—certain tax returns of the Defendants—which allegedly are probative of the allocation of rent between DSPI and SFC. Defendants possessed these tax returns at the time of trial, and could have moved to have them introduced at that time. They failed to do so, and will not now be permitted to reopen the trial to introduce this evidence. *See United States v. Local 1804–1, Int'l Longshoremen's Ass'n,* 831 F.Supp. 167, 169 (S.D.N.Y.1993) (motion to amend may not be used to introduce evidence that was available at trial but was not proffered).

Defendants' remaining contentions have been considered and are hereby denied. *See* 9 Wright & Miller, *Federal Practice and Procedure,* § 2582 (Fed.R.Civ.P. 52(b) does not permit a "party who failed to prove his strongest case ... a second opportunity by moving to amend").

### *Conclusion*

As set forth above, plaintiff's judgment is increased by an additional $34,137.50 plus interest. The total judgment is thus $89,-824.57 plus interest on that amount as set forth above and in the Opinion, plus costs. In all other respects, the parties' motions are denied.

Settle judgment on notice.

It is so ordered.